## PERRY and Wife *v.* MECHANICS' MUTUAL INS. Co.

*(Circuit Court, D. Rhode Island. March 25, 1882.)*

**1. INSURANCE—WIFE'S SEPARATE ESTATE.**

Where the property insured was the sole and separate estate of the wife, the refusal of the court to admit evidence tending to show that her husband in her absence, and without her complicity, wilfully set fire to the buildings, is not erroneous.

**2. SAME—HUSBAND'S ACT NOT TO DEFEAT RIGHTS OF WIFE.**

A husband has no power to affect his wife's title by any act or neglect, nor can she be held responsible for his criminal acts; and his joinder with his wife in an action for the recovery of the insurance will not constitute a defence.

**3. SAME.**

If a statute makes the husband a stranger to his wife's property during her life, excepting as to a veto upon her conveyance thereof, it does not give him power to destroy her house and thereby vitiate her insurance.

**4. SAME—VALUATION, CONCLUSIVENESS OF.**

If the insurance agent takes upon himself the whole responsibility of the valuation of the property insured, and was not induced to fix the amount of insurance by the representations or acquiescence of the insured, or if the valuation is agreed between the parties fairly and without deception, it is conclusive on both.

**5. SAME—MEASURE OF RECOVERY.**

The recovery on a policy of fire insurance is to be for the value of the property at the time of the loss; and where there was no offer to prove a depreciation since the policy was issued, the valuation is conclusive of the amount to be recovered in case of a total loss, as well as conclusive that there was no overvaluation.

Motion for a New Trial.

*Thos. A. Jenckes, Chas. A. Wilson, Wm. G. Roelker,* and *F. W. Miner,* for plaintiffs.

*Beach & Allen,* for defendant.

Before LOWELL and COLT, JJ.

LOWELL, C. J. This case involves less than $5,000, and we have therefore carefully examined the defendant's exceptions to the rulings and charge of the presiding judge. The property insured was the sole and separate estate of the wife, and the first exception is to the refusal to admit evidence tending to show that the husband, in his wife's absence, and without her complicity, wilfully set fire to the buildings. In this ruling we find no error. The title of the wife was held under chapter 152 of the General Statutes of Rhode Island, which we have discussed in the case against the Faneuil Hall Insurance Company, *ante,* 482. The husband has a revocable agency to collect rents and profits of his wife's estate until she chooses to revoke it,

and he has a vested remainder for life in her realty if children have been born alive. *In re The Voting Laws,* 12 R. I. 586. He has no power to affect her title by any act or neglect, and we think it would be contrary to the whole intent of the statute to hold her responsible for his criminal conduct.

If this money is recovered it will belong exclusively to the wife, and a trustee may be appointed at any time to protect it from the husband. It is true that until such appointment the statute requires him to join in the action, and as the action survives, by the words of the statute, it is possible that upon the death of the wife, before a recovery was had, the defendants might avail of this defence against the husband. But it is too narrow a view of the subject to make the defence depend upon the joinder of the husband in the suit.

It is argued that the wilful destruction to the property by any tenant or agent in lawful occupation or charge of the premises will defeat the action; but authority is not furnished for a statement so general. In the absence of special provisions in the contract the liability of the principal must depend upon the character of the agency. If the statute has made the husband a stranger to his wife's property during her life, excepting as to a veto upon her conveyances, we cannot admit that he has the power to destroy her house and thereby vitiate her insurance.

The remaining exception relates to the defence of overvaluation. There was much evidence on both sides concerning the cost and the value of the building insured. The agent of the company, who has been in the business for 30 years, testified that he examined the property and formed his judgment about it. And the judge charged that if the agent took the whole responsibility upon himself, and was not induced to fix the amount of insurance by the representations or acquiescence of the assured, the company were bound to pay the amount stated in the policy. He defines his meaning of acquiescence to be a refusal to answer a question, or in any other way deceiving or misleading the agent, and refused to rule that acquiescence might also be, if in any way Perry allowed the agent to be deceived as to the value of the property, or if he knew that the agent was putting on an amount of insurance substantially greater than the value of the property.

The ruling was sound. Whether the learned judge used the word "acquiescence" in its ordinary sense or not is unimportant. The word is not in the policy, and all that he was to do was to lay down the law correctly for the guidance of the jury. It has been decided,

upon reasons which are entirely satisfactory, that if the valuation is agreed on between the parties fairly and without deception, it is conclusive upon both. *Ins. Co. of N. A.* v. *McDowell*, 50 Ill. 120; *Fuller* v. *Boston Ins. Co.* 4 Metc. 206; *Trull* v. *Roxbury Ins. Co.* 3 Cush. 263.

The argument for the defence assumes that value is a simple fact of observation, like the existence of a fire-escape, and that it was a fraud on the assured to permit the agent to estimate the property higher than he himself did. If it is a fraud in a seller to permit one to buy his goods for more than he thinks they are worth, or for the buyer to offer less than he thinks them worth, no doubt the argument is sound; otherwise not. The facts were all left to the jury.

The cases above cited decide the point that the recovery is to be for the value at the time of the loss. There was no offer to prove a depreciation since the policy was issued, and these decisions make the valuation conclusive in such a case if the amount be recovered, in case of a total loss, as well as conclusive that there was no overvaluation.

Judgment on the verdict.