DELIA CRITES, Respondent, v. ST. PAUL FIRE & MARINE INSURANCE COMPANY, a Corporation, Appellant.

DELIA CRITES, Respondent, v. FIDELITY-PHOENIX FIRE INSURANCE COMPANY, a Corporation, Appellant.

DELIA CRITES, Respondent, v. THE LIVERPOOL AND LONDON AND GLOBE INSURANCE COMPANY, a Corporation, Appellant.

(200 N. W. 1016.)

Evidence — conspiracy cannot be proven by admissions of one party to alleged conspiracy.

1. In an action upon an insurance policy, where the defense was that the property had been willfully destroyed in carrying out a conspiracy to collect the insurance, it is *held*:

A conspiracy can not be proven by the admissions of one party to the alleged conspiracy.

Husband and wife — wife as owner not bound by consequences of husband's wrongful conduct as agent negotiating insurance, in destruction of property.

2. Though the husband of the owner acted as her agent in negotiating the insurance, in the absence of other evidence, the wife, as owner, is not bound to the consequences of her husband's wrongful conduct in connection with the destruction of the property.

Opinion filed November 18, 1924.

Evidence, 22 C. J. § 471 p. 398 n. 58; § 474 p. 399 n. 75.  Husband and Wife, 30 C. J. § 533 p. 856 n. 44.

Appeal from the District Court of Bottineau County, *Kneeshaw,* J. Affirmed.

*Lawrence, Murphy & Nilles,* for appellant. .

*J. J. Kehoe* and *W. H. Adams,* for respondents.

It is a general rule that questions of fact, upon which depend the admissibility of evidence, are to be decided by the court.   16 C. J. 654, § 1294; 1 Greenl. Ev. § 111; Miller v. State (Wis.) 119 N. W. 850; State v. Walker (Iowa) 100 N. W. 354; Benford v. Sanner (Pa.) 80 Am. Dec. 545; State v. Moeller (N. D.) 126 N. W. 568; Schutz v. State (Wis.) 104 N. W. 90.

A statement made by a conspirator, while carrying out the conspiracy, may, after a prima facie case of conspiracy has been established to the satisfaction of the trial court, be admissible in evidence against a co-conspirator, as a part of the res gestæ.   Wilborg v. United States, 163 U. S. 632, 41 L. ed. 289.

BIRDZELL, J.   Three actions founded upon separate policies of fire insurance were brought by Delia Crites, the insured.   The cases were consolidated, separate judgments were entered in favor of the plaintiff and against each defendant for the full amount of the insurance represented by the respective policies.   Appeals were taken by each defendant from the judgment against it and from the order of the district court denying a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial.   The same questions are presented in each of the appeals.   One opinion, therefore, will control the disposition of all of the cases in this court.

The facts are as follows:  Delia Crites, the plaintiff, was the owner of a hotel property situated on Lot 15, Block 6 in the village of Overly, North Dakota.   In October, 1919 this property was insured by the Liverpool and London and Globe Insurance Company and the St. Paul Fire and Marine Insurance Company for $6,000.00, $3,000.00 in each company, and in May, 1920 it was insured by the Fidelity-Phœnix Insurance Company for $1500.00.   Louis C. Crites, the husband of the plaintiff, acted as the agent for his wife in procuring this insurance.   On the 28th or 29th of September, 1920 the property was

destroyed by fire. The defendants were notified of the loss but did not supply the plaintiff with blank forms upon which to furnish proof of loss, and upon their refusal to pay these actions were begun. On the trial a jury was waived, except in an advisory capacity. The principal defense relied upon at the trial was that the fire was the result of a conspiracy to burn the property and collect the insurance and that the principal parties to the conspiracy were Louis C. Crites, the husband and agent of the plaintiff, and one Russell Rennick who, it is claimed, set the building on fire.

The only assignments of error argued upon the appeal relate to the exclusion of certain evidence which was in the nature of admissions by Rennick that he had burned the building for a consideration. As a foundation for the admission of these statements, certain evidence had been introduced in an attempt to connect Louis C. Crites and Rennick with a plan to destroy the property. The long distance telephone operator at Dunseith was placed on the witness stand and testified that on the night of the fire there was a long distance call between Crites and Rennick; that Rennick was at the long distance station in Dunseith and that she recognized Crites' voice on the wire. The latter was in Rolla. She was obliged "to keep the switch open at different times in order to keep up with the time they talked;" that on this particular call she was on the switch three different times. She heard Rennick say to Crites "I heard you wanted me." Other remarks that she heard while on the switch were "this was the night," or "such a night." Then, after closing the switch for perhaps nearly two minutes and opening it again, she heard Rennick say "Then you will start right away?" And then Crites said "You start right away at a certain corner." She didn't catch the corner. It was further proved that the plaintiff leased the property to Rennick on September 21, 1920, a week before the fire. It was further established that Rennick was rooming or staying in the hotel at the time of the fire. This constitutes the entire proof of conspiracy aside from that which was furnished by the evidence which was excluded and which was stated in offers of proof.

The defendants' offered to prove by one Ogilvie that a few days after the fire he was riding with Rennick at or near Dunseith and that Rennick told him that he had burned the hotel; that he was hired by Crites to do the job for $500.00 and that he had received the money. That he further stated he had made a trip to Rolla, gotten some gasoline

and some kerosene and some stuff at Overly; that he took an auger and bored holes in the inside of the walls in different rooms upstairs, poured gasolene into these holes and down between the walls, and left a five-gallon can of oil in the basement of the hotel, so that it would cause an explosion and spread the fire; that he waited until the lights were turned off in town and everybody was in bed; that he drained the gasolene from the fire engine and did his best to put the rest of the fire apparatus out of commission—tangled the hose and uncoupled the joints; that Crites made the proposition to Rennick and the agreement was made between Crites and Rennick that Rennick would occupy the building and would burn it down and that it should be burned to the ground; that Crites would give Rennick $500.00 for a clean job and nothing if it was not a clean job, that Rennick should move into the hotel and that the hotel should be leased to him.

The other offer of proof was an offer to prove by one Tom Hennessy the sheriff, that as a result of an investigation by the state fire marshal he took Rennick into his custody and took him to Bottineau and also took Ogilvie there and took statements from them; that Rennick told Hennessy, in substance, that he was a dummy; that he occupied the building as a dummy and stated that the fire apparatus was fixed and fixed good; that Rennick had stated to the sheriff when in custody that he knew the fire had been set and that it was set by means of batteries with the switch exposed or thrown on; that Rennick denied that he had himself set the switch but stated to the sheriff that he knew the fire was set and knew the fire apparatus had been tampered with. Later on there was additional evidence that the fire apparatus had been tampered with and that an auger and a brace, a five-gallon can and a three-gallon can had been found in the ruins of the building.

The question for determination on this appeal is whether or not it was error to exclude the evidence embraced in the offers of proof. We are clearly of the opinion that the evidence was properly rejected for the following reasons:—(1) The evidence, aside from Rennick's admission, to establish a conspiracy is altogether too weak and fragmentary to make a prima facie showing. It is elementary that a conspiracy can not be proved by the admission of one party. Solomon v. Kirkwood, 55 Mich. 256, 21 N. W. 336; Brown v. United States, 150 U. S. 93, 37 L. ed. 1010, 14 Sup. Ct. Rep. 37; 2 Jones, Ev. § 254. (2) Even if it be assumed that there was sufficient evidence of a conspiracy

between Louis C. Crites and Rennick, there is no evidence to connect Delia Crites, the owner of the property, with the conspiracy. The mere fact that Louis Crites was her agent in negotiating the insurance would not bind her to the consequences of his wrongful conduct in connection with the destruction of the property later on. Union Ins. Co. v. McCullough, 2 Neb. (Unof.) 198, 96 N. W. 79; Henderson v. Western M. & F. Ins. Co. 10 Rob. (La.) 164, 43 Am. Dec. 176; Perry v. Mechanics' Mut. Ins. Co. (C. C.) 11 Fed. 485; Plinsky v. Germania F. & M. Ins. Co. (C. C.) 32 Fed. 47; Feibelman v. Manchester Fire Assur. Co. 108 Ala. 180, 19 So. 540. (3) The statements of Rennick embraced in the offers of proof were not made by him in pursuance of any common design or plan existing between him and a co-conspirator; they were merely a narrative of past events. Brown v. United States, 150 U. S. 93, 37 L. ed. 1010, 14 Sup. Ct. Rep. 37; 2 Jones, Ev. supra. There is no basis for a contention that the admissions were part of the res gestæ. For these reasons, we think the ruling of the trial court was proper and that the judgments and orders appealed from must be affirmed. It is so ordered.

BRONSON, Ch. J., and CHRISTIANSON, NUESSLE, and JOHNSON, JJ., concur.