59 N.J. Super. 299 (1960)
157 A.2d 708
MARY K. OSTROW, PLAINTIFF-APPELLANT AND CROSS-RESPONDENT,
v.
SAMUEL OSTROW, DEFENDANT-RESPONDENT AND CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 19, 1960.
Decided February 3, 1960.
*301 Before Judges PRICE, SULLIVAN and FOLEY.
Mr. Morris N. Hartman argued the cause for plaintiff-appellant and cross-respondent.
Mr. Louis Press argued the cause for defendant-respondent and cross-appellant.
The opinion of the court was delivered by SULLIVAN, J.A.D.
This dispute stems from a matrimonial action in which plaintiff, who is the wife of defendant, brought a suit for separate maintenance against her husband. On July 25, 1957 a judgment was entered directing defendant to pay plaintiff $100 per week for her support and maintenance. In February 1958 the husband filed a separate suit against his wife in the Chancery Division of this court in which he claimed that the household furniture *302 and equipment in the family home belonged to him because he had paid for it, and asked that it be awarded to him.
The wife answered disputing the husband's claim to the furniture and equipment and counterclaimed for the return of $1,000 allegedly advanced to her husband in April 1937. The counterclaim also demanded that, should the court grant any relief to the husband on his suit for the furniture and equipment, then the support provisions of the separate maintenance judgment be modified by awarding to the wife additional monies to enable her to replace any furniture and equipment delivered to the husband.
While this suit was awaiting trial, the wife in October 1958 made an application in the matrimonial action in which she stated that she was about to undergo necessary surgery. She asked that her husband be directed to pay all surgical, hospital and other expenses in connection therewith, since he had refused to do so voluntarily. The husband in turn, on November 19, 1958, alleging hardship, filed a motion in the matrimonial suit to modify the original judgment awarding the wife $100 per week support. Thereafter the suit involving the furniture and equipment and the $1,000 advance was consolidated with the motions in the matrimonial case, and the matter was heard in the Matrimonial Division.
At the conclusion of the hearing which was held before a judge other than the one who had decided the original separate maintenance suit, a judgment was entered as follows:
1. The weekly support payments to plaintiff were reduced from $100 to $90 because there had been a change in circumstances relative to the earnings, potential earnings, and age of the husband.
2. It was adjudged that the furniture and equipment belonged to the husband and wife as tenants in common, and the wife was directed to pay one-half of the value thereof to her husband, and if the parties were unable to agree upon a value, a distribution in kind was to be had, or a sale made and the proceeds divided.
3. The demand of the wife that the support provisions in the separate maintenance judgment be modified by awarding her additional monies to enable her to replace any furniture and equipment awarded to her husband was dismissed.
*303 4. The claim of the wife for repayment of the alleged advance of $1,000 was dismissed for lack of proof.
5. The application of the wife to direct her husband to defray the expenses of her operation was granted.
6. The husband was directed to pay his wife's attorney a counsel fee of $500.
Plaintiff has appealed from those parts of the judgment which reduced the payments for her support and maintenance, found in favor of her husband as to the furniture and equipment, and dismissed her counterclaim in its entirety. The defendant husband cross-appeals from the judgment in so far as it directed him to defray the expenses of his wife's operation, and also to pay her attorney a counsel fee of $500.
On the application for the reduction of the separate maintenance payments, the court found that there had been a change in circumstances relative to the earnings and potential earnings and age of defendant. This finding was based on proof that since the entry of the original judgment, defendant's printing business had suffered a reverse in that its principal customer had established its own printing plant, resulting in a substantial decrease in the volume of defendant's business.
The trial judge concluded that this made out a change in circumstances which could not be disregarded even though plaintiff testified to needs amounting to $99.98 a week. He ordered that the support payments to plaintiff be reduced from $100 a week to $90 a week.
We are unwilling to disturb the ruling on this point. Wide discretion is vested in the trial court in these matters. There was evidence that there had been a substantial decrease in defendant's resources. This is a sufficient ground for a reduction in alimony payments. Martindell v. Martindell, 21 N.J. 341, 355 (1956).
In resolving the household furniture and equipment issue, the court ruled that plaintiff and defendant were co-owners of the property, and that plaintiff being in possession thereof *304 was to pay half its value or the same was to be divided or sold and the proceeds divided. The judge stated that this issue was controlled by Eberhard v. Eberhard, 4 N.J. 535 (1950).
It is our conclusion that the trial court should not have applied the ruling in the Eberhard case to the present situation. In Eberhard there had been a divorce granted between the parties, and ancillary thereto the court adjudicated that the household goods were owned by the parties as tenants in common and that the same should be paid for, divided or sold. The distinguishing feature of that case, however, is that the divorce effected a termination of the legal relationship between the parties and, since they were no longer married to each other, the court properly made a final disposition of all property which they jointly owned.
That is not the situation in the present case. Here defendant and plaintiff are still husband and wife. The household furniture and equipment in question was in use in the family home at the time defendant left. Plaintiff now lives in a smaller apartment in the same building in which the marital home was located, and with some minor changes has continued to use the same furniture and equipment. We agree with the holding that plaintiff and defendant were co-owners of the property as tenants in common and, as a matter of fact, both parties are satisfied with this ruling. But we part company with the trial judge when he concludes that the husband presently is entitled to one-half of the property or its value notwithstanding the subsistence of the marriage. If plaintiff were not using the property, or if she had disposed of it, there would be some basis for granting relief to the husband.
In the present case plaintiff is being supported by her husband. She has no other source of income. If she is obliged to pay for or surrender half of the furniture and equipment she would have to turn to her husband for further support. Certainly she could not be expected to live in an apartment without furnishings. At the time the separate *305 maintenance suit was tried before the first judge, plaintiff was in possession of and was using the household furniture and equipment in question. Unquestionably, the court in fixing the amount of plaintiff's support took this fact into consideration. Despite the defendant's co-ownership, we hold that under circumstances such as are here presented, the court should have ruled that plaintiff, having had the possession and use of the property since her husband left her, and still requiring such possession and use in order to maintain herself, should not be compelled to deliver up to defendant one-half of the property in kind or in value. Our disposition of this question makes it unnecessary for us to consider plaintiff's demand for additional support in the event her husband prevailed.
Plaintiff's claim that in April 1937 she had advanced $1,000 to her husband was dismissed by the court because of its finding that plaintiff had failed to prove that a loan was actually made. We find no fault with this ruling. Outside of showing that she withdrew $1,000 from the bank at that time, the evidence submitted by the plaintiff was inconclusive. Her husband denied that he had received the money. Whether or not the loan had actually been made was a question of fact. The trial judge's determination thereof being amply supported by the evidence will not be disturbed on appeal.
Defendant objected to paying the expenses of plaintiff's operation because it was for a condition which existed at the time of the separate maintenance action and allegedly had been considered by the court at the time it fixed plaintiff's support at $100 weekly. Defendant also objected to the relatively high expense of the operation according to plaintiff's estimate. This argument is frivolous. Nowhere does the original judgment indicate that the $100 weekly payment is to include an item such as this. Unless the court specifies otherwise, provisions for support include the ordinary day to day living expenses, but do not cover extraordinary medical expenses. There is no question about the present necessity *306 of plaintiff's operation. She has no resources and her husband must bear the expense. As to the cost thereof, plaintiff produced a doctor who testified that the operation could be performed in his office for $100 and that post-operative care would be for only five weeks. Plaintiff's doctor, on the other hand, testified to a $250 fee for operating, five days of hospitalization, and one year post-operative care. The trial judge held that the operation was to be had on the wife's terms and defendant was to pay all expenses. We agree. It was not shown that the proposed treatment was unnecessary or the fee exorbitant. Surgery is no field in which to look for bargains. Confidence in the surgeon is essential and plaintiff should have the right to choose her own doctor.
The allowance of a counsel fee of $500 to plaintiff's attorney is claimed to be excessive. Again this is a matter for the discretion of the trial judge. Sheehan v. Sheehan, 51 N.J. Super. 276, 290 (App. Div. 1958). This particular hearing consumed almost three full days and involved several difficult legal and factual questions. We find no abuse of discretion in the allowance made. Remanded for disposition pursuant to this opinion.
On this appeal counsel for plaintiff is awarded an additional fee of $350 which is to be paid by defendant.