TEOFILA KOSIOR *vs.* THE CONTINENTAL INSURANCE COMPANY.

SAME *vs.* INSURANCE COMPANY OF NORTH AMERICA.

SAME *vs.* MIDDLESEX MUTUAL INSURANCE COMPANY.

SAME *vs.* OLD COLONY INSURANCE COMPANY.

Hampshire.   January 4, 1938. — March 2, 1938.

Present: RUGG, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Insurance,* Fire: joint insured, fraud on insurer. *Contract,* Parties. *Equity Jurisdiction,* Suit by one joint contractor alone. *Tenants in Common.*

A certain fire insurance policy, issued to named persons who were husband and wife and were tenants in common of the premises insured, was a contract with them jointly.

A fire insurance policy insuring two jointly and conditioned to become void upon fraud of the "insured" was avoided by the fraud of one insured in which the other had no part; and after a loss the innocent insured could not maintain a suit in equity against the company to enforce a separate interest.

FOUR BILLS IN EQUITY, filed in the Superior Court on December 1, 1933.

Decrees dismissing the bills were entered by order of *Leary,* J. The plaintiff appealed.

The cases were submitted on briefs.

*D. H. Keedy,* for the plaintiff.

*H. P. Small & C. R. Brooks,* for The Continental Insurance Company.

Cox, J.  The plaintiff and her husband owned land and buildings as tenants in common and the buildings were insured against fire by policies issued by the defendants to "John T. and Tofeld Kosior and their legal representatives."  The "Tofeld" Kosior, so described in the policies, is the plaintiff, Teofila Kosior, in these suits.  The plaintiff brings these bills in her own name, with a recital in each that "she files . . . [it] simultaneously with the commencement of an action at law against this defendant on the same policy, in which action she and her said husband John T. Kosior join as parties plaintiff to recover the amount justly and equitably due her under said policy to the extent and only so far as recovery is denied her in said action at law . . . ."  The suits were referred to a master whose report, as modified by a finding of fact not material to the issue now before the court, was confirmed by an interlocutory decree, and final decrees were entered dismissing the bills.  The plaintiff seasonably appealed from each decree.  Each policy contains this provision: ". . . if the insured shall make any attempt to defraud the Company, either before or after the loss, the policy shall be void."  While the policies were in force, the buildings were damaged or destroyed by fires, which were set by the husband with intent to defraud the defendant companies.  The plaintiff was in no way concerned or involved in the setting of the fires or in any attempt to defraud the defendants.

The plaintiff's contention, as stated in her brief, is: "Equity is the plaintiff's remedy.  *Mercantile Ins. Co.* v. *Holthaus,* 43 Mich. 423, 428.  She has none at law.  There by technical rule she would be obliged to join her co-insured; whose fraud would avoid the policy."  The case cited, which was not a bill in equity, is not an authority for the point asserted, for in that case it appeared on the face of the policy, which was the subject matter of the action, that some of the property which was insured was held in severalty.  The court said: "Each of the assured had an insurable interest, and if the form of the contract presented insuperable impediments to the enforcement at law of their separate rights — a point which is not examined — the

parties were not without remedy. A court of equity, if necessary, could have entertained the case and protected the rights of all."

The law is well settled that when the form of the contract is joint and the legal interest in the subject matter of the contract is vested in two jointly, both of the joint contractors should join in bringing an action on the contract. *Tate* v. *Citizens' Mutual Fire Ins. Co.* 13 Gray, 79. *Osborn* v. *Martha's Vineyard Railroad*, 140 Mass. 549. *Davis* v. *New England Fire Ins. Co.* 70 Vt. 217. This rule of law is subject to an exception, as where the joint interest has been severed by one of the joint parties making a settlement with the defendant. *New Braintree* v. *Southworth*, 4 Gray, 304. And it has been held that where one joint party makes an improper settlement with the defendant under circumstances amounting to a fraud upon the other party, and in which fraud the defendant participates, the innocent party may maintain a bill in equity in his name alone against the defendant for a recovery on the joint contract. *Piercy* v. *Fynney*, L. R. 12 Eq. 69. We do not think the case at bar comes within any exception to the general rule. See *Weidman* v. *Weidman*, 274 Mass. 118, 122.

The question is presented whether the wrongful acts of the plaintiff's husband, in setting the fires with the intent to defraud, rendered the policies void. The plaintiff concedes that this would be the result in an action at law, but she asks us, in effect, to construe the policies as if they had been written insuring the cotenants "as their interests may appear at the time of the loss." Policies of insurance containing such phrases are not uncommon. The diverse interests of several persons in the same property oftentimes require such words. See *Simpionbato* v. *Royal Ins. Co.* 253 Mass. 606; *Paulauskas* v. *Fireman's Fund Ins. Co.* 254 Mass. 1; *Simons* v. *Royal Ins. Co. Ltd.* 258 Mass. 210. A standard form of fire insurance policy is provided for by G. L. (Ter. Ed.) c. 175, § 99. Each party to a contract of insurance is entitled to have it interpreted according to the words used. The principle is fully recognized that, in construing a policy of insurance, doubts are to be resolved

against the insurer and in favor of the insured. *Edward Rose Co.* v. *Globe & Rutgers Fire Ins. Co.* 262 Mass. 469, 473. It may be that one of the inducements for the defendants to enter into the contracts of insurance was that the plaintiff and her husband were insured jointly, for there are cases where an innocent husband or wife, who is the sole owner of property insured in his or her name, has been permitted to recover on the policy, where the buildings have been destroyed by incendiarism of the spouse. *Gove* v. *Farmers' Mutual Fire Ins. Co.* 48 N. H. 41. *Perry* v. *Mechanics' Mutual Ins. Co.* 11 Fed. 485. *Plinsky* v. *Germania F. & M. Ins. Co.* 32 Fed. 47. Cases dealing with policies which by their express terms permit of a severance of interest of the insured are not in point. See *Pratt* v. *Hanover Fire Ins. Co.* 50 R. I. 203; *P. Samuel & Co. Ltd.* v. *Dumas*, [1924] A. C. 431.

We think the policy in question was joint and that the plaintiff cannot recover. The act of her husband in burning the insured buildings was an act of the "insured," and as such it was a fraud upon the defendants which rendered the policies void in accordance with their terms.

The very few cases which have been brought to our attention (see 27 Am. L. R. 948) support this view. *Monaghan* v. *Agricultural Fire Ins. Co.* 53 Mich. 238. *Bellman* v. *Home Ins. Co.* 178 Wis. 349. The case of *P. Samuel & Co. Ltd.* v. *Dumas*, [1924] A. C. 431, recognizes the principle.

*Decrees affirmed.*