130 N.J. Super. 350 (1974)
327 A.2d 240
DONNA L. HOWELL, PLAINTIFF-APPELLANT,
v.
THE OHIO CASUALTY INSURANCE COMPANY, DEFENDANT-RESPONDENT AND CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 10, 1974.
Decided October 10, 1974.
*352 Before Judges CARTON, CRANE and KOLE.
Mr. John E. Harrington argued the cause for the appellant (Messrs. Hartman, Schlesinger, Schlosser and Faxon, attorneys).
Mr. Ernest F. Picknally argued the cause for the respondent-cross appellant (Messrs. Schuenemann and Picknally, attorneys).
PER CURIAM.
Plaintiff and her husband owned the house here involved as tenants by the entirety. Defendant had issued them a homeowners insurance policy providing coverage for fire loss or damage to the "dwelling building" and personal property "usual or incidental to the occupancy of the premises as a dwelling and owned or used by an Insured, while on the described premises [the house]." If the property loss rendered the premises untenantable, the policy covered additional living expense, that is, "the necessary increase in living expense incurred by the Named Insured to continue as nearly as practicable the normal standard of living of the *353 Named Insured's household" until the repairs to the premises are completed or such household has become settled in permanent quarters, whichever period is less. The policy designated the named insured as "Gene K. Howell and/or Donna L. h/w." The term "Insured" was defined therein as meaning the "Named Insured" and the named insured's spouse if a resident of the named insured's household.
Gene Howell, plaintiff's husband, intentionally set fire to the house and took his own life while it was in flames. The house was rendered uninhabitable and the personal property therein, including household furnishings, was destroyed or severely damaged. Apparently since there was an innocent mortgagee involved, defendant paid for the repairs to the house. It refused to pay plaintiff for the personal property or for her living expenses. It contended that her husband's arson constituted fraud by the "Insured" voiding the policy.
Cross-motions for summary judgment were made. In an opinion reported at 124 N.J. Super. 414 (Law Div. 1973), the court below granted summary judgment in favor of plaintiff in the amount of one-half of the damages within the policy limits.[1] A jury trial thereafter on the issue of damages resulted in a verdict for plaintiff of $15,000 for personal property loss and $3,000 for additional living expenses. The policy limit was $13,500 for personal property loss and $5,400 for additional living expenses. The court accordingly molded the verdict to conform with its determination on the summary judgment motions to one-half of $13,500 ($6,750) and $3,000 ($1,500), respectively, and judgment was entered in favor of plaintiff for $8,250.
Both parties have appealed.
In the reported opinion the trial court properly held that the intentional burning of one's own house is fraud voiding the policy. It phrased the issue before it as to *354 whether the intentional burning by one spouse of a homestead held by tenancy in the entirety will bar recovery under a fire insurance policy by the innocent spouse. It concluded that the fraud of the husband in this respect was no bar to recovery under the policy by the innocent wife. It held that the interest of the wife in the real estate held as tenants by the entirety or, in the alternative, in the contract rights under the policy, was several, not joint, and thus not subject to forfeiture by the unilateral acts of her husband. As indicated, it then found that since the interest was several, recovery should be had to the extent of the wife's interest, which it concluded amounted to one-half of the damages within the limits of the policy.
We hold that the trial court correctly determined that the fraud of the husband was no bar to recovery under the policy by the innocent wife. However, we reach this result irrespective of whether the interests of the wife and husband in the tenancy by the entirety, in the personal property, or in the contract rights under the policy are deemed to be joint or several. The significant factor is that the responsibility or liability for the fraud  here, the arson  is several and separate rather than joint, and the husband's fraud cannot be attributed or imputed to the wife who is not implicated therein. Accordingly, the fraud of the co-insured husband does not void the policy as to plaintiff wife. N.J.S.A. 37:2-1 et seq. See Patusco v. Prince Macaroni, Inc., 50 N.J. 365 (1967); Immer v. Risko, 56 N.J. 482, 488 (1970); Long v. Landy, 35 N.J. 44, 50 (1961); Simon v. Security Ins. Co., 390 Mich. 72, 210 N.W.2d 322 (Sup. Ct. 1973). See also Hoyt v. New Hampshire Fire Ins. Co., 92 N.H. 242, 29 A.2d 121 (Sup. Ct. 1942); Mercantile Trust Co. v. New York Underwriters Ins. Co., 376 F.2d 502 (7 Cir.1967), 24 A.L.R.2d 443 (1969). Cf. Jackson v. Prudential Ins. Co. of America, 106 N.J. Super. 61, 69, 75 (Law Div. 1969); In re Kalfus, 81 N.J. Super. 435 (Ch. Div. 1963); Campbell v. Ray, 102 N.J. Super. 235 (Ch. Div. 1968), aff'd o.b. 107 N.J. Super. 509 (App. Div. 1969).
*355 This conclusion is supported by the policy provisions prepared by defendant carrier, even though we do not deem them necessarily controlling here. The "Named Insured" is the husband "and/or" plaintiff wife. Although the term "Insured" means the named insured, the use of the ambiguous phrase "and/or" and the reasonable expectations of the insureds by reason thereof compel a determination that the fraudulent conduct by one insured should not void the policy as to the other who is completely innocent thereof. See Bryan Const. Co. Inc. v. Employers' Surplus Lines Ins. Co., 60 N.J. 375, 378 (1972); Mazzilli v. Acc. & Cas. Ins. Co. of Winterthur, 35 N.J. 1, 7-8 (1961); Cooper v. Government Employees Ins. Co., 51 N.J. 86, 93 (1968); 12 Appleman, Ins. Law & Practice, § 7006 at 22 (1943); Fisher v. Healy's Special Tours, Inc., 121 N.J.L. 198 (E. & A. 1938); Annotation "And/or," 154 A.L.R. 866 (1945).
We are not concerned here with the question of whether the rule should be different where the incendiary is a person in control of a corporation or a partnership or is an agent for an innocent principal, and express no opinion with respect thereto. See Charles Stores, Inc. v. Aetna Ins. Co., 428 F.2d 989 (5 Cir.1970); Miller & Dobrin Furniture Co. v. Camden Fire Ins. Ass'n., 55 N.J. Super. 205 (Law Div. 1959). See also, Hoyt v. New Hampshire Fire Ins. Co., supra; Arenson v. National Automobile & Cas. Ins. Co., 45 Cal.2d 81, 286 P.2d 816 (Sup. Ct. 1955); Walker v. Lumbermens Mutual Cas. Co., 491 S.W.2d 696 (Tex. Civ. App. 1973); Annotation, "Fire insurance on corporate property as affected by its intentional destruction by a corporate officer, employee or stockholder," 37 A.L.R.3d 1385 (1971). With respect to a fire insurance policy covering the interests of more than one insured, however, there is much to commend the view that, unless the terms thereof are plainly to the contrary and in some fashion clearly called to the attention of the insureds, the obligation of the carrier should be considered several as to each person insured, and the fraud or *356 misconduct of one insured should not bar recovery by the innocent co-insureds to the extent of their respective interests in the property involved.
Since, as indicated, defendant has repaired the house held as tenants by the entirety, the discussion by the court below with respect to the nature of plaintiff's interest therein was not necessary to its decision. We, therefore, do not pass on the correctness of its apparent determination that plaintiff would have been entitled to only one-half of the cost of repairs. Assuming that the plaintiff's rights are to be determined as of the time the fire started rather than soon thereafter when her husband committed suicide, the question remains as to the then extent of her interest in the real estate. Did she have a vested right in the entire property subject to defeasance on her husband's surviving her, thus being entitled to the entire cost of repairs, or did a "voluntary" conversion of the realty into personalty occur for fire insurance purposes entitling her only to one-half of such cost? See King v. Greene, 30 N.J. 395, 407 (1959); dissenting opinion in Fort Lee S. & L. Ass'n v. Li Butti, 106 N.J. Super. 211, 214 (App. Div. 1969), adopted by the Supreme Court, 55 N.J. 532 (1970). Considerations of policy applicable to surplus moneys on mortgage foreclosures or to judgment execution sales involving tenants by the entirety, or to the rights of a tenant by the entirety in fire insurance proceeds where both spouses are alive (see Hawthorne v. Hawthorne, 13 N.Y.2d 82, 242 N.Y.S.2d 50, 192 N.E.2d 20 (Ct. of App. 1963)), may or may not be pertinent to the question we pose.
We turn now to the remaining issues. To what extent is plaintiff entitled to recover the value of the personal property damage and living expenses within the policy limits? As indicated, the court below held she could recover one-half of that value.
After the court's determination of the summary judgment motion, plaintiff moved to modify the judgment solely as to *357 its ruling on the amount recoverable for living expenses. She indicated her agreement with the ruling as to the personal property. The motion to modify was denied.
On this appeal, plaintiff now claims that she is entitled to the entire value of the personal property. We doubt that she can thus shift her position on appeal. See Domestic Fuel Co. v. American Petroleum Corp., 6 N.J. 538 (1951). However, we need not pursue that issue further.
Our review of plaintiff's deposition testimony, which is part of the record, satisfies us that the personal property here involved,  in the language of the policy, "furniture and furnishings usual or incidental to the occupancy of the premises as a dwelling and owned or used by an Insured, while on the described premises",  even though the husband's funds were used for their purchase during the marriage, were actually intended by him to be owned by both spouses equally as tenants in common. Accordingly, plaintiff had a one-half interest in the personal property and the court below properly awarded her $6,750 to cover her share in the loss thereof. Cf. Eberhard v. Eberhard, 4 N.J. 535, 555 (1950); Ostrow v. Ostrow, 59 N.J. Super. 299, 304 (App. Div. 1960).
Defendant relies on N.J.S.A. 37:2-14 providing that the "paraphernalia of a married woman, being the suitable ornaments and wearing apparel of a married woman, which have come to her through her husband during marriage, shall be her separate property." But that does not bar her right to other personal property purchased during marriage, where, as here, the evidence shows that she has an interest therein.
The additional living expenses payable, in the policy language, "covers the necessary increase in living expense incurred by the Named Insured to continue as nearly as practicable the normal standard of living of the Named Insured's household for not exceeding the period of time required: 1. To repair or replace such damaged or destroyed property as soon as possible; or 2. for the Named Insured's household to become settled in permanent quarters, whichever is less."
*358 This policy provision alone, and certainly in tandem with the designation of the Named Insured as the husband "and/or" the plaintiff wife, contemplates payment of the complete loss suffered, within policy limits, for additional living expenses by an insured required to continue the normal standard of living of the insured's household until the dwelling became habitable or the household became settled in permanent quarters, as indicated. The basic focus of the provision is on the deprivation of the use by an insured of the house as a dwelling by reason of fire. This construction represents a fair interpretation of what we deem to be rather clear policy language in favor of full coverage of the insured in this respect and accords with the latter's reasonable expectations. Mazzilli v. Acc. & Cas. Ins. Co. of Winterthur, supra; Bryan Const. Co., Inc. v. Employers' Surplus Lines Ins. Co., supra; Cooper v. Government Employees Ins. Co., supra.
The court below, therefore, erred in allowing plaintiff only one-half of the value of the living expenses. She was entitled to the full amount thereof.
Accordingly, the judgment is modified so as to award plaintiff $3,000 for additional living expenses, or a total judgment in favor of plaintiff and against defendant of $9,750.
NOTES
[1] The opinion stated that the house was destroyed. It is of no significance, but there are indications in the abbreviated record before us that it was damaged rather than destroyed.