**Herbert F. STEIGLER and Arlene R. Steigler, Plaintiffs below, Appellants,**

v.

**INSURANCE COMPANY OF NORTH AMERICA, Defendant below, Appellee.**

Supreme Court of Delaware.

Submitted Dec. 19, 1977.

Decided Feb. 27, 1978.

Alfred J. Lindh and Bayard J. Snyder, Wilmington, for plaintiffs-appellants.

Mason E. Turner, Jr., of Prickett, Ward, Burt & Sanders, Wilmington, for defendant-appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

DUFFY, Justice:

In this action on a fire insurance contract brought by Herbert F. Steigler and Arlene R. Steigler, his wife, (plaintiffs), the Superior Court granted summary judgment to defendant, Insurance Company of North America (INA). That ruling is on appeal here.

## I

Plaintiffs sue on an insurance policy, issued by INA, for damage to their home caused by fire on October 19, 1968. Plaintiffs, as husband and wife, owned the property as tenants by the entirety. *Greenly v. Greenly*, 49 A.2d 126 (1946); *Heitz v. Sayers*, Del.Super., 121 A. 225 (1923); *Kunz v. Kurtz*, 68 A. 450 (1899). INA refused to pay any claim under the policy on the ground that the fire and consequent damage resulted from deliberate burning by plaintiff Herbert F. Steigler which constituted fraud by the insured, within the terms of the contract, so as to void the policy.[1]

It is undisputed that plaintiff-husband committed fraud within the meaning of the policy by deliberately burning the residence. And it is equally undisputed that plaintiff-wife was not involved in any way in that act.

Concluding, under these facts, that the plaintiff-wife is barred from recovering the insurance proceeds, the Superior Court granted INA's motion for summary judgment. We reverse.

## II

The single question presented here is whether the deliberate burning by one spouse of a residence, held in a tenancy by the entirety, bars recovery of damages by the innocent spouse who is a co-owner under a fire insurance policy covering the property.[2]

This question has not heretofore been decided by a Delaware Court, and so we write on a clear slate. But the parties invoke familiar concepts relating to property law (that is, to a tenancy by the entirety), to marital property law (that is, to the rights of married women) and to equitable principles applied when one of two innocent parties must suffer a loss.

## A.

While the question is new to us, it has been before a number of other courts around the Country. Generally speaking, those courts have held that an innocent spouse may not recover under a fire insurance policy for damages resulting from the other spouse's fraud by deliberate burning of their jointly owned property. 5 Appelman, *Insurance Law and Practice*, § 3113; 18 *Couch on Insurance* 2d § 74:673; 44 *Am.Jur.*2d Insurance § 1365; 45 *C.J.S.* Insurance § 822. This approach is bottomed on the premise that spouses who hold joint interests in insured property have a joint obligation to refrain from fraud, and so the fraud of one spouse necessarily becomes the fraud of the other. See, for example, *California Insurance Company v. Allen*, 5 Cir., 235 F.2d 178 (1956), which applied the rule to community owned property; *Kosior v. Continental Ins. Co.*, 299 Mass. 601, 13 N.E.2d 423 (1938), which applied it to spouses who owned insured buildings as tenants in common; *Jones v. Fidelity & Guaranty Ins. Corp.*, Tex.Civ.App., 250 S.W.2d 281 (1952); and *Klemens v. Badger Mutual Ins. Co. of Milwaukee*, 8 Wis.2d 565, 99 N.W.2d 865 (1959), which applied the rule to spouses who owned the property as joint tenants.

In 1973, a New Jersey Court adopted a quite different approach and held that the deliberate burning by one spouse of a residence, owned in a tenancy by the entirety, did not bar the innocent spouse's recovery of one-half the benefits under the couple's fire insurance policy. *Howell v. Ohio Casualty Insurance Company*, 124 N.J.Super. 414, 307 A.2d 142 (1973). The policy had been issued in the name of husband and wife and contained a standard New Jersey provision that it would be void in the event of fraud by the "insured." After reviewing New Jersey decisions, the Court concluded

---

1. The contract contained the standard fraud provision which reads in pertinent part as follows:

   "This entire policy shall be void . . . in case of any fraud . . . by the insured relating thereto."

2. The summary judgment entered against the husband is not attacked and the judgment will be affirmed as to him. All further references to "plaintiff" are to the wife only.

that the "estate of tenancy by the entirety, with its inherent doctrine of the identity of spouses, has been delimited," and declined to consider husband and wife as a single "insured." Citing *Hawthorne v. Hawthorne*, 13 N.Y.2d 82, 242 N.Y.S.2d 50, 192 N.E.2d 20 (1963), the Court viewed the *contract-policy* as several, not joint, and concluded that policy rights were "not subject to divestment or forfeiture by the unilateral actions of one spouse."

On appeal, the judgment was affirmed on an additional ground. *Howell v. Ohio Casualty Insurance Company*, 130 N.J.Super. 350, 327 A.2d 240 (App.Div.1974). The New Jersey Intermediate Appellate Court held that the *fraud*, that is, the arson, was several and the husband's act could not be imputed to the wife. But the severability of both the contract rights and the fraud was confirmed by the Court in its ruling. Thus, ". . . However, we reach this result [affirming the judgment] irrespective of whether the interests of the wife and husband in the tenancy by the entirety, in the personal property, or in the contract rights under the policy are deemed to be joint or several. The significant factor is that the responsibility or liability for the fraud—here, the arson—is several and separate rather than joint, and the husband's fraud cannot be attributed or imputed to the wife who is not implicated therein. Accordingly, the fraud of the co-insured husband does not void the policy as to plaintiff wife."

327 A.2d at 242.

*Howell* appears to be the latest case law on the subject and the New Jersey decision created a division of authority on the issue; it may, indeed, be a minority of one, but we do not meet our responsibilities by merely counting jurisdictions.

### B.

INA urges the Court to follow the majority rule, contending that it is consistent with Delaware's recognition of the legal "oneness" of the husband-wife relationship, and the unity and indivisibility of property ownership held by husband and wife as

tenants by the entirety. Plaintiff, on the other hand, argues that the Court should adopt the *Howell* rationale, contending that the oneness concept of husband and wife is a legal fiction which, when applied to the facts of this case, is unfair and irrational and serves no valid public interest.

### C.

■ Much of the briefing is directed to the attributes of a land title held in a tenancy by the entirety. The nature of such an estate is settled law in Delaware: thus, husband and wife are seized, not merely of equal interests, but of the whole estate during their lives and the interest of neither of them can be sold, attached or liened "except by the joint act of both husband and wife." *Heitz v. Sayers*, supra. But, as we see this case, we are not called upon to review the law applicable to the real property interests of the Steiglers, and we have no intention of doing so. In our view, the case is fundamentally a contract dispute between an insurance company and a policy holder and so we look to the law governing that kind of problem rather than to the law governing land titles.

As we have noted, the policy contained a standard fraud provision rendering the policy void "in case of any fraud . . . by the *insured* relating thereto" (emphasis added); and the policy insured two persons: "Herbert F. Steigler and Arlene R. Steigler."

The critical question, of course, relates to the meaning of the word "insured" in the fraud provision. Does it mean one or both of the Steiglers? The answer is by no means clear because the word "insured" is singular while two persons are named as the "insured," i. e., Herbert F. Steigler and Arlene R. Steigler. Thus, construction of the term is required.

■ In resolving the ambiguity in the Steigler-INA contract we refer to two rules of construction. First, where ambiguous, the language of an insurance contract is always construed most strongly against the insurance company which has drafted it.

*Baltimore Life Ins. Co. v. Floyd*, Del.Supr., 94 A. 515 (1915); *Continental Ins. Co. v. Rosenberg*, Del.Supr., 74 A. 1073, 1076 (1909); *Continental Cas. Co. v. Ocean Accident & Guar. Corp.*, Del.Super., 209 A.2d 743, 750–51 (1965); see *Apotas v. Allstate Insurance Company*, Del.Supr., 246 A.2d 923 (1968).

◼ Second, "an insurance contract should be read to accord with the reasonable expectations of the purchaser so far as the language will permit." *State Farm Mutual Automobile Ins. Co. v. Johnson*, Del. Supr., 320 A.2d 345 (1974), quoting with approval from *Cooper v. Government Employees Ins. Co.*, 51 N.J. 86, 237 A.2d 870 (1968).

Applying these principles, we hold that an "ordinary person owning an undivided interest in property, not versed in the nice distinctions of insurance law, would naturally suppose that his individual interest in the property was covered by a policy which named him without qualification as one of the persons insured." *Hoyt v. New Hampshire Fire Ins. Co.*, 92 N.H. 242, 29 A.2d 121, 123 (1942). In that case, the Court held that arson by one of several tenants in common did not bar recovery by co-tenants who were not implicated in the crime.

◼ In our judgment, the contract in this case can and should be read to accord with the reasonable expectations of an ordinary purchaser, that is, Mrs. Steigler had an interest in the property, the policy named her without qualification as one of the persons insured and she should not be barred from recovering under the policy by the fraud of the other co-tenant. *State Farm Mutual Automobile Ins. Co. v. Johnson*, supra; *Hoyt v. New Hampshire Fire Ins. Co.*, supra.

INA contends that because the Steiglers are married the arson of the husband bars recovery by his wife. The theory is that the contract terms govern any claim, cf. *Draper v. Delaware State Grange Mut. Fire Ins. Co.*, Del.Super., 91 A. 206 (1914), that the contract is voided by fraud, and that husband and wife are one person, i. e., together and inseparably they hold the entire estate. See *Godman v. Greer*, Del. Orph., 105 A. 380 (1918); *Kunz v. Kurtz*, supra.

◼ We are not persuaded that the "oneness" theory which is, to say the least, somewhat "quaint" in this day and age, cf. *Du Pont v. Du Pont*, 98 A.2d 493, 494 (1953), should override the other principles at stake here. When two persons own property as tenants in common, it is generally recognized, as INA concedes, that the interests may be separable and, therefore, an innocent tenant in common can recover a *pro rata* share of fire insurance proceeds. *Hoyt v. New Hampshire Fire Ins. Co.*, supra. Thus, for example, had the Steiglers owned the property and the policy as "co-habitants" rather than as spouses, the general rule would have permitted rather than have barred her recovery. Without pausing to explore the equal protection problems which such a result might raise, we conclude that barring a wife from recovering because she is a wife would be contrary to the public policy clearly mandated by the Married Women's Act. 13 *Del.C.* § 311.[3]

◼ We are further persuaded that the "oneness" fiction should not apply here when we consider that the fraud of the insured husband involved a *criminal* act. If a wife were barred from recovery for such

3. 13 *Del.C.* § 311 provides in part:
   "The property of a married woman, whether real, personal or mixed, and choses in action which she has acquired in any manner, and all the income, rents and profits thereof, shall be deemed to be her sole and separate property. She may sell, convey, assign, transfer, devise, bequeath, encumber or otherwise dispose of the same and she may contract jointly (including with her husband) or separately, sue and be sued, and exercise all other rights and powers, including the power to make a will, which a femme sole may do under the laws of this State."
   In *Hyland v. Southwell*, Del.Super., 320 A.2d 767 (1974), the Court said that the Act "has led to an evolutionary departure from the common-law concept of the absolute rights and liabilities of the husband and a broadening recognition of the *independent* rights and liabilities of the wife." (Emphasis added.)

an act then, in reality, she will have been held responsible for the crime of her husband. And such a result is clearly repugnant to the general rule of law that, a wife is not vicariously liable for the criminal acts of her husband merely because of the existence of the marital relationship. 41 *C.J.S.* Husband and Wife § 223; see *Alspaugh v. State*, Fla.App., 133 So.2d 587 (1961). On this basis we distinguish *Arnett v. Hanby*, Del.Super., 262 A.2d 659 (1970), inasmuch as it involved a situation of imputed contributory negligence.

### D.

Our construction and application of the contract rights of the parties thus leads us to agree with New Jersey in the result reached in *Howell v. Ohio Casualty Insurance Company*, supra, which seems to us to represent both a more modern analysis of the problem and to produce a fairer result.[4] The Superior Court distinguished *Howell* on the ground that the policy in that case was issued to husband "and/or" wife, while here the policy was issued to husband "and" wife. But the *Howell* Courts did not rely on that phraseology, nor do we.

### IV

■ Turning now to the question of damages, plaintiff contends that she is entitled to recover the full amount of the contract coverage under the policy. In *Howell*, the Trial Court awarded judgment to the innocent spouse in the amount of one-half of the damages within the limits of the policy. On appeal, that ruling was affirmed as to the property damage but modified to permit plaintiff to recover her entire loss in additional living expenses which were payable under the policy.

Here, we are concerned only with the property damage claim and, as to that, we agree with the result reached in *Howell*.

We have regarded the rights of husband and wife as separate under the contract and, so viewed, both logic and justice require that the amount recoverable be likewise allocated. Accordingly, judgment will be entered for Mrs. Steigler for one-half of the damages within the limits of the contract.

Reversed and remanded for proceedings consistent herewith.

---

**4.** We pause to note that, in this singular case, plaintiff invites our attention to public records which reveal, among other things, that Herbert F. Steigler was convicted of assault with intent to murder Arlene R. Steigler by the very burning which is the basis of the insurance claim in this action. While not determinative, a ruling affirming the judgment below would penalize the victim with the perpetrator of the crime.