## 64048. RICHARDS v. HANOVER INSURANCE COMPANY.

BANKE, Judge.

The appellant and her husband purchased a policy of homeowner's insurance from the appellee insurance company covering a newly acquired house and its contents. A few months later, the house and its contents were damaged by fire. This suit was filed to recover for property damage and additional living expenses in accordance with the terms of the policy.

The claimants made no repairs on the structure, as their mortgagee, whose interest was also covered by the policy, regained the property by foreclosure subsequent to the fire. The husband did not appear at trial, and evidence was introduced tending to show that he had burned the structure intentionally. At the close of the appellant's evidence, the trial court directed a verdict for the insurance company as to real property damage, finding no proof of the structure's market value after the fire. The jury subsequently found in favor of the insurance company on the remaining claims for personal property damage and living expenses. In this appeal, the appellant's sole contention is that the trial court erred in charging the jury that if either of the co-insureds in an action for fire insurance proceeds have intentionally burned the building or caused it to be burned, neither can recover. *Held:*

The issue raised by the appellant is one of first impression in this state, and the authorities which have addressed it in other jurisdictions are in conflict. However, we need not decide the issue at this time, as the evidence presented by the appellant would not have supported a recovery for personal property damage or living expenses in any event. The policy provides that personal property is insured "at actual cash value at the time of loss but not exceeding the amount necessary to repair or replace." The values specified by the appellant for the items of personal property allegedly damaged in the fire were, by her own admission, estimates of replacement cost rather than actual cash or market value. See generally *American Cas. Co. v. Parks-Chambers, Inc.,* 111 Ga. App. 568 (2) (142 SE2d 275) (1965); *National Fire Ins. Co. v. Banister,* 104 Ga. App. 13, 15 (121 SE2d 46) (1965). With regard to living expenses, the policy provides as follows: "If a loss covered under this section makes the residence premises uninhabitable, we cover any necessary increase in living expenses incurred by you so that your household can maintain its normal standard of living." The entire substance of the appellant's testimony as to increased living expenses was that she had moved in with her mother after the fire and that she "figured rent would be $250 or

more." She did not specify any additional expense actually incurred as the result of the fire. Because of this failure of proof on the issue of damages, it follows that any error in the court's charge was harmless.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JUNE 8, 1982 —
REHEARING DENIED JUNE 28, 1982 — 

*Nicholas E. Bakatsas,* for appellant.
*Clayton H. Farnham,* for appellee.