## 38992. RICHARDS v. HANOVER INSURANCE COMPANY.

SMITH, Justice.

Betty Jo Richards sued The Hanover Insurance Co. (Hanover) to compel payment of benefits under a homeowners insurance policy. The jury returned a verdict for Hanover, and the Court of Appeals affirmed. *Richards v. Hanover Ins. Co.,* 162 Ga. App. 736 (292 SE2d 99) (1982). On appeal Mrs. Richards challenges the following jury charge: "I charge you that in an action for fire insurance proceeds, if either of the co-insureds have either intentionally burned the building or caused it to be burned, their insurance policy is void and they may not recover." We granted certiorari and now reverse.

In March 1980 Mrs. Richards and her husband purchased a homeowners insurance policy from Hanover. The policy covered a newly acquired house and its contents. Some four months later, on June 28, 1980, the Richards' house burned down, resulting in partial destruction of the building and total destruction of the personal property contained therein. Mrs. Richards claimed coverage under the policy and, when Hanover refused to pay, she sued to recover $25,000 for the house, $12,500 for damage to her personal property, and $5,000 in additional living expenses in accordance with the terms of the policy.

Mr. Richards, who did not appear at trial,[1] was arrested for arson in connection with the house-burning incident. At trial Hanover introduced evidence tending to support the arson charge, but the record is silent regarding any subsequent prosecution or conviction of Mr. Richards. Mrs. Richards was in Tennessee visiting her mother at the time of the fire, and she was not implicated in any wrongdoing.[2]

Following the presentation of Mrs. Richards' evidence, the trial judge directed a verdict for Hanover as to the real property damage claim on the grounds that Mrs. Richards failed to prove the

---

[1] Mr. Richards was originally a party to this lawsuit but was dismissed as a party by the trial judge without objection by appellant.

[2] Hanover's evidence on this point was that when firemen arrived at the scene the door of the burned house was locked and that appellant held one of three keys to the house, and that two houses in which appellant had lived previously also burned down.

structure's market value after the fire as required by the policy.[3] Only the claims for personal property damage and additional living expenses went out with the jury, which returned a verdict for Hanover on both claims. On appeal Mrs. Richards urges that the above quoted charge incorrectly stated the applicable law. We agree.

1. The question is whether, in an action for fire insurance proceeds, the fraud of a co-insured spouse bars recovery by the innocent co-insured spouse. This issue is one of first impression in Georgia, and authorities which have considered it elsewhere are nearly evenly divided. See St. Paul Fire &c. Co. v. Molloy, 433 A2d 1135, 1139 (Md. App. 1981), and cases cited therein; Annot., 24 ALR3d 450 (1969). Our examination of the relevant cases reveals two distinct lines of authority on this issue. Most of the older cases denied recovery to an innocent co-insured spouse on the theory that spouses who hold joint interests in insured property have a joint obligation to refrain from defrauding the insurance company so that the fraud of one spouse necessarily becomes the fraud of the other. See Kosior v. Continental Ins. Co., 299 Mass. 601 (13 NE2d 423) (1938). Recently, however, an increasing number of courts have focused their analysis not on the joint or individual nature of the underlying property right, but on the rights and duties embodied in the language of the contract of insurance. As the Delaware Supreme Court has stated, "[T]he case is fundamentally a contract dispute between an insurance company and a policyholder . . . we look to the law governing that kind of problem rather than to the law governing land titles." Steigler v. Ins. Co. of North America, 384 A2d 398, 400 (Del. 1978).

We, too, look to the rules of the contract to resolve the present dispute. In Georgia, insurance is a matter of contract, and the parties to an insurance policy are bound by its plain and unambiguous terms. *Barker v. Coastal States,* 138 Ga. App. 164, 166 (225 SE2d 924) (1976). The insurance policy executed by the Richards and Hanover designates "Patrick Dan Richards & Betty Jo Richards" as the "named insured," with residents of the household who are relatives of a named insured additionally defined as "insureds." The policy further provides for an exclusion from liability in the event of "neglect of the *insured* to use all reasonable means to save and preserve property . . ." (Emphasis in original.) Appellee contends that this "neglect provision" creates in Mr. and Mrs. Richards as co-insureds a joint obligation to preserve the property and that Mrs. Richards has breached her obligation and voided the entire policy by

---

[3] Appellant does not challenge this ruling on appeal and we need not address it.

virtue of her husband's act of arson.[4] Mrs. Richards, on the other hand, argues that her obligation to preserve the property is several and separate from her husband's obligation, not joint; and that her husband's wrongful conduct cannot be attributed or imputed to her.

It is therefore apparent that whether Mrs. Richards, as an innocent co-insured, can recover under her policy depends on whether the parties to the contract intended the obligations of the co-insureds to be joint or several. To ascertain the parties' intent we look first to the language used in the insurance contract. The policy designates both Mr. and Mrs. Richards as the "named insured," and excludes from coverage destruction caused by acts of neglect by "the insured." The policy is silent as to whether the Richards' rights and obligations under the policy are to be considered joint or several. Under the circumstances, we think the policy is unclear and requires construction on this crucial point.

Three well known rules used in the construction of insurance contracts apply. Any ambiguities in the contract are strictly construed against the insurer as drafter of the document, *Hulsey v. Interstate Life &c. Co.,* 207 Ga. 167 (60 SE2d 353) (1950); any exclusion from coverage sought to be invoked by the insurer is likewise strictly construed, *Travelers Indem. Co. v. Whalley Constr. Co.,* 160 Ga. App. 438 (287 SE2d 226) (1981); and insurance contracts are to be read in accordance with the reasonable expectations of the insured where possible, *Cincinnati Ins. Co. v. Davis,* 153 Ga. App. 291 (265 SE2d 102) (1980). We think it reasonable that a person in Mrs. Richards' position reading this homeowners policy would assume that the obligation to preserve the insured property devolved upon her individually as an "insured" under the policy, and that the term "insured" as used in the neglect provision referred to the individual co-insured who fails to preserve the insured property. Accord, Steigler v. Ins. Co. of North America, supra; Auto-Owners Ins. Co. v. Eddinger, 366 S2d 123 (Fla. App. 1979); St. Paul Fire &c. Co. v. Molloy, supra; Ryan v. MFA Mutual Ins. Co., 610 SW2d 428 (Tenn. App. 1980). Hanover had the burden of drafting clear and precise language indicating that Mrs. Richards' obligations under the policy's neglect provision were joint, not several. It failed to do so. In accordance with the above rules of construction, we interpret the contract in favor of coverage and against forfeiture, and conclude that Mrs. Richards' obligation to save and preserve the insured

---

[4] Clearly an intentional act of destruction of the insured property breaches the policy's neglect provision. See Rockingham Mut. Ins. Co. v. Hummel, 219 Va. 803 (250 SE2d 774) (1979).

property was several, not joint. It follows that the instruction complained of was erroneous. "[U]nless the terms [of the policy] are plainly to the contrary and in some fashion clearly called to the attention of the insureds, the obligation of the carrier should be considered several as to each person insured, and the fraud or misconduct of one insured should not bar recovery by the innocent co-insureds to the extent of their respective interests in the property involved." Howell v. Ohio Cas. Ins. Co., 130 N. J. Sup. 350 (327 A2d 240, 243) (1974).

To adopt a contrary rule would be tantamount to attributing Mr. Richards' wrongdoing to Mrs. Richards solely on the basis of their marital relationship, a result which we have steadfastly rejected in other areas, see, e.g., *Curtis v. Ashworth,* 165 Ga. 782 (142 SE 111) (1927) (tortious activity); *Lumpkin v. Atlanta,* 9 Ga. App. 470 (71 SE 755) (1911) (criminal conduct), and which we decline to reach in the present case. We therefore hold that Mrs. Richards is not automatically barred from recovery under her homeowners policy by her husband's alleged act of arson. If, on retrial, the insurance company again asserts the "neglect provision" exclusion, it has the initial burden of proving that one of the co-insureds breached that provision by intentionally setting fire to the dwelling. See *Welch v. Professional Ins. Corp.,* 140 Ga. App. 336 (231 SE2d 103) (1976). Once this is shown, however, the burden shifts to Mrs. Richards (as the co-insured claiming coverage under the policy) to prove her non-participation in the alleged wrongful conduct.

2. Because the issues discussed in Division 1 are dispositive of this appeal, we do not address the remaining questions discussed by the Court of Appeals in its opinion.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 27, 1983 —
REHEARING DENIED MARCH 9, 1983.

*Nicholas E. Bakatsas,* for appellant.
*Clayton, Eckl & Farnham, Clayton H. Farnham,* for appellee.

ON MOTION FOR REHEARING.

On rehearing Hanover contends that this court erred by not addressing the damages issue discussed by the Court of Appeals in its opinion. We conclude that Mrs. Richards' opinion evidence was sufficient proof of value, at a bare minimum, to support a jury verdict for personal property damage and living expenses. Hanover's contention is therefore without merit.