**Marymal W. DRYDEN, as Guardian and next friend of Cornelia-Rose Peyton Williams, a minor, Plaintiff-Appellant,**

v.

**NATIONWIDE INSURANCE d/b/a Nationwide Life Insurance Company, Defendant-Appellee.**

No. 83–8670.

United States Court of Appeals, Eleventh Circuit.

Aug. 31, 1984.

Clayton Sinclair, Jr., Atlanta, Ga., for plaintiff-appellant.

Harold A. Horne, Jr., Atlanta, Ga., for defendant-appellee.

Before KRAVITCH, HATCHETT and ANDERSON, Circuit Judges.

KRAVITCH, Circuit Judge:

In this diversity action plaintiff-appellant Cornelia-Rose Peyton Williams seeks to recover $30,000 life insurance proceeds from Nationwide Life Insurance Company ("Nationwide") following the death of her father, James A. Williams ("Williams"). Until February 13, 1979, Nationwide considered Williams covered under a group life insurance policy issued to his employer, the Franklin County Mental Health Board of Columbus, Ohio. The insurer terminated Williams' coverage approximately one year after he became disabled and left the employment of the mental health board. Williams died on April 1, 1979.

The district court granted summary judgment in favor of Nationwide, holding as a matter of law that on the date of his death the deceased was no longer covered under the group insurance policy because he did not comply with the insurance contract's requirement that he provide Nationwide with "satisfactory proof" of his continuous, total disability within one year of the disabling event. Because the record[1] before the district court does not preclude a jury finding that Williams submitted satisfactory proof of disability within one year thereafter, we reverse and remand for further proceedings.

The group insurance policy issued to Williams' employer provided, in part:

If a Certificateholder becomes totally disabled prior to his 65th birthday and satisfactory proof is furnished within one year after he becomes totally disabled, that his total disability has continued uninterruptedly for a period of at least six months and to the date that proof is furnished, the Company will continue the Life Insurance on the Certificateholder without payment of premium during the further uninterrupted continuance of his total disability. If the Certificateholder dies during such a period of total disability but prior to the date that satisfactory proof of total disability is furnished, the Company will pay an amount equal to that which would have been continued if satisfactory proof of his total disability had been furnished.

Under this provision, an employee who becomes totally disabled may retain the benefits of his employer's group life insurance coverage even though he has left his job

---

1. Nationwide argued below and on appeal that various documents tendered to the district court by the plaintiff in opposition to defendant's motion for summary judgment were unauthenticated and not properly before the court. Although the company moved to dismiss plaintiff's pleadings for failure to proffer authenticated documents, the district court never ruled on the motion, dismissing it as moot. For purposes of this appeal, we therefore must assume the district court considered all of the submitted affidavits and documents in granting summary judgment for Nationwide. Accordingly, our conclusion presumes the admissibility of the evidence in the record on appeal.

and his employer has ceased paying premiums on his behalf. The terms of the contract provide that Nationwide will continue to insure the employee's life during the period of disability without payment of premiums as long as the employee, within one year after he becomes disabled, furnishes the company with "satisfactory proof" that his total disability continued uninterruptedly for the six months preceding the submission of such proof. Alternatively, the insurer will still pay the proceeds to the beneficiary if the employee dies within the one year period without supplying satisfactory proof.

For purposes of its motion for summary judgment, Nationwide admits that Williams became disabled. The company has denied payment of life insurance benefits only because it claims he failed to furnish satisfactory proof of six months uninterrupted disability within one year after he became disabled.

The record establishes two possible dates of initial disability.[2] The first is May 22, 1977, the date of disability stated on Williams' application for social security disability benefits. It is also the date of hospitalization stated on an affidavit Williams furnished to Nationwide on November 1, 1978. Additional support for May 22 as the date of initial disability is a June 18, 1979, letter from a Nationwide special claims agent to Williams' employer stating that the agent had evaluated and denied his daughter's claim for insurance proceeds based on the

assumption that Williams "had been continuously disabled since May 22, 1977."[3]

If a jury were to conclude that May 22, 1977, is the appropriate date of disability, Williams was obligated under the insurance contract to furnish satisfactory proof of six months continuous, total disability by May 22, 1978. Although there is no direct evidence of any such proof being supplied to Nationwide within the year, circumstantial evidence is present in a letter dated November 22, 1977, from a Nationwide regional group manager to Williams' employer apparently responding to an inquiry by the employer concerning Williams' coverage status. In that letter, the group manager refers to Williams as a "disabled employee" and informs the employer how Williams can obtain a waiver of his premiums.

May 22, 1977, is not the most likely date for fixing the beginning of Williams' total and continuous disability, however, because Williams returned to work for intermittent periods later that year. The second possible date of total disability is December 5, 1977, which Williams claimed on a sworn "Affidavit of Claimant for Disability Benefits" as his last day of work. The affidavit was supplied to Williams by Nationwide sometime after July 8, 1978, completed by Williams and his employer by October 26, 1978, and received by the insurer on November 1, 1978, eleven months after the alleged December 5 disability date. Because Williams himself stated December 5,

---

**2.** Plaintiff also points to two other possible dates of initial disability—June 30, 1978, and July 8, 1978. If either date were accepted as the correct initial date of disability, Williams would have been excused from complying with the "satisfactory proof" requirement because his death occurred on April 1, 1979, within one year of both dates. June 30 was the date to which premium payments on insurance coverage for Williams were last paid by his employer; July 8 was the date Williams was formally retired from the employment records of his employer. There is no evidence in the record, however, that Williams worked or was able to work at any time after December 5, 1977.

**3.** The June 18, 1979, letter to Williams' employer from Nationwide's special claims agent reads, in part:

We have received the additional information needed to fully consider this Group Life Insurance claim for your former employee. Under the terms of your policy, benefits would be available in the event of continued total disability under the waiver of premium provision. These benefits would be applicable only to those employees who furnish proof of such disability within one year after disability commenced.

In this situation, *Mr. Williams had been continuously disabled since May 22, 1977*, and although a claim was initiated for waiver of premium in October 1978, the necessary proof was never furnished.... (emphasis added).

1977, as the date he last worked, Nationwide maintains, and the district court agreed, that this date should be used as the onset of Williams' disability.

If we agree with Nationwide that December 5, 1977, was the day Williams' disability commenced, under the contract Williams then had until December 5, 1978, to furnish the insurer with satisfactory proof of at least six months continuous and total disability. The plaintiff contends that Williams' affidavit submitted to Nationwide on November 1, 1978, constitutes satisfactory proof. The document states that Williams last worked on December 5, 1977, and that his last occupation was with the Franklin County Mental Health Board. The section of the form signed by his employer states that the insurance was in force on the date disability commenced, thereby indicating that in the eyes of Williams' employer, he was disabled on December 5, 1977. The affidavit also shows that Williams was hospitalized on May 22, 1977, for chronic obstructive lung disease (bronchial asthma), diabetes mellitus and a disease of the pancreas, and provides the names and addresses of three attending physicians who examined Williams during May and August 1977. It also states that he had received no income since the beginning of his disability and that his condition had improved very little since his hospitalization in May.

Nationwide maintains that the affidavit was not satisfactory proof of six months continuous and total disability. The company would have accepted as satisfactory proof a completed, two-page form called an "Attending Physician's Statement," which was mailed to Williams' employer on November 7, 1978, six days after the company received Williams' affidavit. The form was never completed or returned. On January 5, 1979, another form was sent to Williams at an address in Woodmore, Ohio, that had been supplied to the insurer by Williams' employer. By this time, however, Williams was living in Cleveland, and it is unclear from the record whether he ever received the Attending Physician's Statement. Hearing no reply from Williams, Nationwide sent another letter to his Woodmore address on February 13, 1979, informing him that the company's file for waiver of life insurance premiums was closed due to his failure to submit the Attending Physician's Statement as proof of continuous, total disability.

■ In determining whether Williams failed to comply with the contract's requirement that he furnish "satisfactory proof" of continuous, total disability, we initially observe that under the law of both Georgia, the plaintiff's state of residence, and Ohio, the defendant's state of residence and the place where Williams lived, died and worked, ambiguous provisions in contracts of insurance should be construed strictly against the insurer. *See, e.g., Simpson v. Jefferson Standard Life Ins. Co.*, 465 F.2d 1320, 1325 (6th Cir.1972); *Richards v. Hanover Ins. Co.*, 250 Ga. 613, 299 S.E.2d 561 (1983). The words "satisfactory proof" do not lend themselves to precise definition. The contract does not state that satisfactory proof of total disability can only be furnished by completing the company's Attending Physician's Statement. Nationwide concedes that the contract's use of a general term means that other forms of proof could satisfy the insurer's condition precedent to waiver of premium benefits.

If May 22, 1977, is chosen as the date disability commenced, a jury might reasonably infer from the correspondence that Nationwide was apprised of Williams' disability on November 22, 1977, exactly six months after he became disabled. It is doubtful that the November 22 letter from Nationwide's regional group manager, standing alone, is conclusive proof that Williams was totally disabled for an uninterrupted period of six months. As Nationwide observes, the letter does advise the employer that Williams would have to apply for a waiver of life insurance premiums to remain covered under the plan, and it makes clear that the insurer was not then waiving the life insurance premium. Nevertheless, the letter could be interpreted as an acknowledgment of Williams' dis-

ability as of November 22, 1977. This acknowledgment, coupled with evidence that Williams was disabled on May 22, 1977, would allow a jury to infer that the company had been provided satisfactory proof of continuous, total disability during that six month period.

If December 5, 1977, is considered the date Williams became totally disabled, a jury could reasonably infer that the information provided in Williams' sworn affidavit constituted satisfactory proof of continuous, total disability for the six months preceding its submission. The affidavit was signed by Williams and his employer, and attested that (1) he had not worked at any job since December 5, 1977, (2) he had been hospitalized for treatment of very serious illnesses in May 1977, and (3) his condition had not improved in the ten months since hospitalization. In addition, the affidavit provided the names and addresses of three physicians who could be contacted if the insurer doubted the veracity of the information contained therein.

■ It may be conceded that the Attending Physician's Statement would have been more conclusive proof of total and continuous disability; the contract, however, does not require the submission of the most compelling evidence, but only "satisfactory" evidence. It is a question for the factfinder to determine whether Nationwide received satisfactory proof of continuous, total disability. We cannot hold that the proof submitted to the insurer was unsatisfactory as a matter of law.

The district court's order of summary judgment for the defendant therefore must be overturned.

REVERSED and REMANDED.