199 N.J. Super. 494 (1985)
489 A.2d 1231
LIBERTY MUTUAL FIRE INSURANCE COMPANY, PLAINTIFF-RESPONDENT,
v.
KAHLAID, INC. AND MOHAMMED A. DARI, DEFENDANTS, AND BURRO CORP., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted February 13, 1985.
Decided March 19, 1985.
*496 Before Judges PRESSLER, BRODY and COHEN.
Mahoney, Mahoney & Cannon, attorneys for appellant (Dennis M. Mahoney, of counsel; Barbara Billig, on the brief).
Prozio, Bromberg & Newman, attorneys for respondent (Norman G. Sade, of counsel; Carmen Barbazan, on the brief).
The opinion of the court was delivered by BRODY, J.A.D.
When appellant Burro Corp. sold its supermarket business, including its lease of the premises, to defendant Kahlaid, Inc. it took back a promissory note in the amount of $40,000 and a security interest in the inventory and fixtures of the business. The contract of sale required that Kahlaid "maintain an insurance policy covering casualty ... indicating that Burro Corp. is the `primary loss payee.'" Pursuant to that provision Kahlaid purchased from plaintiff a Special Multi-Peril Policy insuring Kahlaid against loss by fire of the contents of the building. The policy provided that the "loss, if any, shall be payable to: loss payee: Burro Corp." A year after the sale defendant Mohammed Dari, the sole stockholder of Kahlaid, burned down the building. The contents were destroyed in the fire. Dari *497 was convicted of arson with the intent to defraud plaintiff. N.J.S.A. 2A:89-3.
Plaintiff recovered a summary judgment against Kahlaid, Dari, appellant, the owner of the building and the building owner's casualty insurer declaring that it did not have to pay the loss because of the arson and dismissing those parties' counterclaims. Appellant contends that as an innocent loss payee it is entitled to be paid. We disagree and affirm.
A loss payee is not an insured but only "a mere appointee [of the insured] who may not recover if the insured has breached any provision of the policy which would prevent recovery by him." Highway Trailer Co. v. Donna Motor Lines, Inc., 46 N.J. 442, 447 (1966), cert. den., 385 U.S. 834, 87 S.Ct. 77, 17 L.Ed.2d 68 (1966). If the loss is not payable to the insured, it is not payable to the loss payee.
As noted in Highway Trailer, mortgagees of covered real estate are usually protected by "a standard mortgagee clause." Ibid. Plaintiff's policy has such a clause "applicable to buildings [coverage] only." It provides that "the interest of the mortgagee ... shall not be invalidated by an act or neglect of the mortgagor or owner of the within described property...." Appellant is not protected by the standard mortgagee clause because its security interest is in personal property covered under the policy's contents coverage.
A casualty policy covering personal property subject to a security interest does not protect the secured creditor against a loss caused by the insured's wrongful act if the creditor is only a loss payee. To be protected against such a loss the secured creditor must be a co-insured. See Howell v. Ohio Casualty Ins. Co., 130 N.J. Super. 350 (App.Div. 1974).
Appellant contends that it is an innocent third-party beneficiary of the insurance policy and it therefore should be paid as though it were an innocent co-insured. There is no evidence that plaintiff intended appellant to have any rights *498 under the policy other than those of a loss payee. Plaintiff did not assume the risk of paying anyone if the insured intentionally caused the loss.
Appellant cites two cases where the carrier had to pay. They are both distinguishable. In Highway Trailer the carrier refused to pay because the insured failed to submit a timely written proof of loss. The Court held that the carrier was estopped because before the deadline it led the loss payee to believe that the proof of loss either had been properly submitted or that the requirement had been waived. Plaintiff here did not engage in such inequitable conduct. In Ambassador Insurance Company v. Montes, 76 N.J. 477 (1978), the policy was a liability policy and the "payee" was an innocent victim of the insured's arson. Here the policy was a casualty policy, which neither directly nor indirectly insured innocent victims of Dari's wrongdoing.
Affirmed.