Connolly, J.
This case is before the court on the plaintiff Donna M. Courtney’s (“Courtney”) motion for summary judgment. Courtney brings this action against the Commerce Insurance Company (“Commerce”) to recover losses from the destruction of a residence insured by Commerce, and to recover damages for Commerce’s alleged unfair claim settlement practices. Courtney now moves for partial summary judgment upon the grounds that she is entitled to one half of the insurance proceeds for the destruction of her former home, despite the fact that her ex-husband is alleged to have purposefully set the fire that destroyed the dwelling. Commerce argues that the policy explicitly excludes coverage for property damage purposefully caused by the insured. For the following reasons, the motion is denied.
BACKGROUND
The undisputed material facts are as follows: Donna and James Courtney purchased a residence located at 25 Rodgers Street, Millbury, Massachusetts on or about December 29, 1982, as tenants by the entirety. The Courtneys subsequently purchased a homeowner’s policy from Commerce that covered loss by fire. The policy excluded coverage for losses caused by the intentional wrongful conduct of an insured.[2]
The plaintiffs subsequently divorced, and the tenancy by the entirety was converted to a tenancy in common as of April 8, 1991, the day the divorce became final. On July 11, 1991, the insured property was destroyed by fire. Commerce paid the mortgage holder the balance of the loan, but refuses to pay the Courtneys for their equity in the property.
The Courtneys brought the instant action to recover proceeds from the policy and for unfair claims practices pursuant to the G.L.c. 17D and G.L.c. 93A §§2, 9. Commerce has counter claimed against the Courtneys for breach of contract. In the motion before the court, Courtney argues that she is entitled to proceeds from the policy, because she bears no responsibility for any of her ex-husband’s alleged conduct. Commerce disputes Courtney’s interpretation of the contract, arguing that the misconduct of James Courtney relieves it of all liability upon the policy.
DISCUSSION
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where the parly moving for summary judgment does not have the burden of proof at trial, this burden may be met by either submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805 (1991). Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a material fact in order to defeat the motion. Pederson, supra at 17.
The interpretation of an insurance contract is a question of law for the trial judge. Cody v. Connecticut General Life Ins. Co., 387 Mass. 142, 146 (1982). An insurance contract, like other contracts, is to be construed according to the fair and reasonable meaning of the words. Id. In general, exclusions from coverage are to be strictly construed so as not to diminish the protection purchased by the insured. Vappi and Co. v. Aetna Casualty *134 and Surety Co., 348 Mass. 427, 431-32 (1965). Additionally, any ambiguous words or provisions are to be resolved against the insurer. Cody, supra at 146.
The issue of whether conduct of a coinsured that implicates an exclusion clause prevents recovery by an innocent co-insured was first addressed in Kosior v. Continental Insurance Co. The Koiser court held that the insurance policy involved was joint in nature, and that the term “insured” in the exclusion clause referred to both insureds. Koiser v. Continental Insurance Co., 299 Mass. 601, 604 (1938). One insured’s having set the fire that destroyed the insured property therefore prevented either insured from recovering under the policy.
This has remained the state of the law in Massachusetts, despite the fact that other jurisdictions now diverge from this construction. See, e.g., Hildebrand v. Holyoke Mutual Fire Insurance Company, 386 A. 2d 329, 331-32 (Me. 1378). Contraiy to Courtney’s assertion, the S.J.C. in Baker v. Commercial Union Insurance did not indicate an intent to re-examine Kosier. 382 Mass. 347, 353 n.9 (1982). Rather, the court declined to reach the issue at all. Moreover, the language of the exclusion clause at hand excludes coverage for “any loss arising out of any act committed by an insured; and with the intent to cause a loss.” In excluding coverage for loss caused by “an insured,” the policy unambiguously excludes coverage for any loss caused by an insured, regardless of the existence of an additional innocent insured. This is not a case where the policy sold to joint insureds excludes coverage for loss caused by “the insured,” thus necessitating construction of the exclusion clause. See e.g., Steigler v. Insurance Company of North America, 384 A.2d 398, 400 (Del. 1978). Whether this rule is badly reasoned or not, this court is constrained to abide by it until such time as the Appellate courts reexamine the issue.
ORDER
For the foregoing reasons, this court orders that the motion of the plaintiff, Donna M. Courtney, for Summary Judgment is DENIED. This court further orders that, in count one of the plaintiffs complaint, solely as to the legal issue of whether proof of James Courtney’s participation in the destruction of the insured property would bar Donna Courtney from recovering on the policy, judgment shall enter in the affirmative. The issue of responsibility for the destruction of the dwelling shall remain an issue for the trier of fact.

 The exclusion clause reads in relevant part:
1. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.
h. Intentional Loss, meaning any loss arising out of any act committed:
(1) by or at the direction of an insured; and
(2) with intent to cause a loss.