[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14771
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-03809-JEC

HASSANALI DASHTPEYMA,

Plaintiff-Appellant,

versus

LIBERTY MUTUAL GROUP,

Defendant,

LIBERTY INSURANCE CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 24, 2014)

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Hassanali Dashtpeyma appeals *pro se* the summary judgment against his amended complaint that his insurer, Liberty Insurance Corporation, breached its contract and acted in bad faith by denying his claim for losses to his home and his personal property. The district court ruled that the losses were excluded from coverage under Dashtpeyma's insurance policy. We affirm.

The district court did not err by entering summary judgment in favor of Liberty Insurance. Under Georgia law, which the parties agree applies, "insurance is a matter of contract, and the parties to an insurance policy are bound by its plain and unambiguous terms." *Richards v. Hanover Ins. Co.*, 299 S.E.2d 561, 563 (Ga. 1983). Dashtpeyma's policy covered losses to his home "caused by rain, snow, sleet, sand [and] dust" if the substances entered through "an opening in a roof or wall" created by "the direct force of wind or hail damages," but the policy excluded all losses caused by "[w]ear and tear, marring, [or] deterioration." Liberty Insurance submitted photographs; an affidavit and testimony from its adjuster, James Monaghan; and the depositions of its loss specialist, Ralph Gill, and of an independent adjuster, Eric Aucoin, that established that Dashtpeyma's home was damaged when rain water leaked through rotted wood on window sills

2

and pieces of siding.  This undisputed evidence proved that Dashtpeyma's loss was attributable to the deterioration of materials on the exterior of his home.

No evidence supports Dashtpeyma's argument that Liberty Insurance fabricated evidence.  Dashtpeyma challenged the authenticity of a letter written by Gill because it was dated before specific events mentioned in the letter occurred, but Gill explained that the letter was misdated and contained the correct dates for the events.  Although Dashtpeyma also argues that the damage could not be blamed on deterioration because Monaghan said there were no visible signs that the home had been neglected, Monaghan explained that the deterioration was hidden in the wood.  Dashtpeyma failed to present any evidence that Liberty Insurance contrived a reason to deny coverage.  Dashtpeyma acknowledged that he did not know how to identify rotten wood; he did not know whether his siding had rotted before the storm; and he was unaware how the water entered his home.  No genuine factual dispute exists whether Dashtpeyma's loss is excluded from coverage under the insurance policy.

We **AFFIRM** the summary judgment in favor of Liberty Insurance.