76425. MR. PRIDE OF ATLANTA, INC. et al. v.
METROPOLITAN PROPERTY & LIABILITY INSURANCE
COMPANY.
(371 SE2d 211)

BANKE, Presiding Judge.

Mr. and Mrs. Eldon Fritz were struck and killed by an automobile on the premises of a "Mr. Pride" car wash which, for purposes of this appeal, is assumed to have been owned and operated by the appellants. The automobile, which was owned by a third party, had just been pulled mechanically through the car wash tunnel and was being driven to the "drying bay" by a Mr. Pride employee when the accident occurred. The Fritz's surviving children brought a wrongful-death action against the appellants, who, in turn, filed a third-party complaint against the insurer of the automobile in question, appellee Metropolitan Property & Liability Insurance Company. Metropolitan denied any obligation under the policy, based on the applicability of an "automobile business" exclusion contained therein. Cross-motions for summary judgment were filed on this issue, and the trial court granted Metropolitan's motion while denying the appellants' motion. This appeal followed.

The exclusion provided as follows: "We do not cover . . . (e) bodily injury or property damage arising out of automobile business operations." The term "automobile business" was elsewhere defined in the policy as follows: " 'Automobile business' means the business or occupation of selling, leasing, repairing, servicing, storing or parking motor vehicles or trailers." *Held*:

1. Pretermitting consideration of appellants' contention that the exclusion contravenes public policy by purporting to relieve the insurer of its obligation to provide the minimum liability insurance coverage required by law, we hold that the exclusion is not applicable by its terms. The only one of the categories listed in the policy's definition of "automobile business" which would even arguably encompass

the operation of a car wash is that of "servicing" motor vehicles. While the dictionary definition of the verb, "service," includes "to repair or provide maintenance for," (Webster's Third New International Dictionary, Unabridged (1981 ed.)), it does not include cleaning or washing.

It is a well-settled principle of Georgia law that any ambiguity in an insurance policy will be strictly construed against the insurer. See *Richards v. Hanover Ins. Co.*, 250 Ga. 613, 615 (299 SE2d 561) (1983). Such construction is particularly applicable in the case of exceptions, limitations, and exclusions to coverage, on the theory that the insurer, having extended coverage by language which would otherwise encompass the loss, may reasonably be charged with the duty of setting forth any limitations on that coverage in clear and explicit terms. Id. See also *U. S. Fidelity & Guar. Co. v. Gillis*, 164 Ga. App. 278, 281 (296 SE2d 253) (1982).

Had the appellee insurer wished to exclude from the ambit of the coverage offered by its policy losses arising from the operation of a car wash, it could easily have done so simply by adding the words "cleaning" and/or "washing" to the list of activities subsumed within its definition of "automobile business." Because those activities were not expressly included in the appellee's definition, it is at best unclear whether the operation of a car wash is encompassed by the exclusion. It follows that the exclusion must be considered inapplicable to the plaintiffs' claim.

Metropolitan's reliance upon *Sanders v. Liberty Mut. Ins. Co.*, 354 F2d 777 (5th Cir. 1965), as authority for a contrary construction of the exclusion is misplaced for at least two reasons. First, that decision was based on application of Alabama law, and, second, the business involved there was a "service station," which, presumably, provided at least some automobile maintenance and repair services to its customers.

2. It being apparent from the briefs of the parties that the only issue involved in either of the motions for summary judgment was the applicability of the policy exclusion, we hold that the trial court erred in denying the appellants' motion for summary judgment as well as in granting Metropolitan's motion.

*Judgment reversed. Deen, P. J., McMurray, P. J., Pope and Benham, JJ., concur. Birdsong, C. J., Carley, Sognier, and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

I respectfully dissent. The business of a car wash service is to provide maintenance for automobiles. Automobile maintenance includes keeping the vehicle clean. It is common knowledge that such type maintenance protects the finish; it makes more than an aesthetic

difference. The exterior as well as the interior of a car and its operating mechanisms require maintenance. Here the car was not only being washed but also waxed, vacuumed, and filled with gas. Particularly since the exclusion is expressed in a comprehensive serialization of various aspects of that segment of American business which is related to motor vehicles and trailers, and each aspect is one which would embrace a number of different establishments, the term "servicing" should not be construed to excise car-washing from its common meaning. Just because the business specialized in cleaning rather than offer the full range of service, including washing which is provided by a service station, does not render it any less the business of "servicing." See *Haley v. State Farm &c. Ins. Co.*, 130 Ga. App. 258, 259 (202 SE2d 838) (1973). Upon analysis, the term is not ambiguous.

I agree with the trial court that the insurer did not contract to be liable for injuries arising out of the operation of the automobile by the employee of the car-wash enterprise while it was being serviced, which process it was still in at the time of the incident.

That being the case, it would become necessary to consider whether this exclusion from liability coverage is contrary to public policy, as urged by appellants, and thus unenforceable. It would appear not, as it does not disserve the purposes identified in *Cotton States Mut. Ins. Co. v. Neese*, 254 Ga. 335, 341 (329 SE2d 136) (1985) or the expression in *Integon Indem. Corp. v. Canal Ins. Co.*, 256 Ga. 692 (335 SE2d 186) (1987). The legislature has not stated, and the Supreme Court has not held, that all exclusions are invalid, or that all injuries and damages arising out of the use of the covered vehicle, regardless of who was operating it or in what context or for what purpose, are invalid. Each exclusion case must be evaluated individually. *Southern Guaranty Ins. Co. v. Preferred Risk Mut. Ins. Co.*, 257 Ga. 355, 356 (359 SE2d 665) (1987).

In the circumstances here, which do not involve an uninsured motorist, nor any liability on the part of the car owner, the exclusion does not contravene public policy, as recourse is available against the business tortfeasor and parties related to her such as the business' liability insurer. As said in *Integon*, supra at 693: "Expressions of the legislature through statutes are conclusive on the question of public policy; and courts cannot declare agreements or acts authorized by statute to be contrary to public policy. [Cit.]" Thus the auto insurer's expressed intent in this case, not to cover the auto when it is turned over to the exclusive control of an establishment in the specified automobile industry businesses, should be honored.

I am authorized to state that Chief Judge Birdsong, Judge Carley, and Judge Sognier join in this dissent.

DECIDED JUNE 14, 1988 —
REHEARING DENIED JULY 7, 1988 —

*Kent T. Stair, Douglas A. Wilde,* for appellants.
*W. Wray Eckl, Debra L. Mixon,* for appellee.