46056. METROPOLITAN PROPERTY & LIABILITY INSURANCE COMPANY v. MR. PRIDE OF ATLANTA, INC. et al.
(374 SE2d 82)

MARSHALL, Chief Justice.

Mr. and Mrs. Fritz were struck and killed on the premises of a "Mr. Pride" car wash by an automobile which was owned by a third party and which just had been pulled mechanically through the car-wash tunnel and was being driven to the "drying bay" by a Mr. Pride employee. The Fritzes' children brought a wrongful-death action against the car wash, which, in turn, filed a third-party complaint against the liability insurer of the automobile in question, appellant Metropolitan. The policy contained the following exclusion: "We do not cover . . . (e) bodily injury or property damage arising out of automobile business operations." The term "automobile business" was elsewhere defined in the policy as: "[T]he business or occupation of selling, leasing, repairing, *servicing*, storing or parking motor vehicles or trailers." (Emphasis supplied.) The Court of Appeals reversed the grant of Metropolitan's motion for summary judgment and the denial of Mr. Pride's motion for summary judgment, holding in effect that the exclusion was not applicable. *Mr. Pride of Atlanta, Inc. v. Metropolitan Property &c. Ins. Co.*, 187 Ga. App. 737 (371 SE2d 211) (1988). We granted certiorari.

We reverse for the reasons given in the dissenting opinion of the Court of Appeals, i.e., that the term "servicing" in the exclusion provision reasonably can be construed to include the services which were being performed on the insured automobile, namely: cleaning, waxing, vacuuming, and filling with gasoline.

*Judgment reversed. All the Justices concur, except Smith, J., who dissents.*

SMITH, Justice, dissenting.

The automobile policy provided, in part, that "bodily injury or property damage arising out of automobile business operations," was excluded. The term "automobile business" was defined, in part, as follows: "[T]he business or occupation of . . . servicing . . . motor vehicles . . . ." Certainly minds can differ as to whether a car wash is an automobile business, servicing motor vehicles. The process of washing and waxing a car is not generally thought of as servicing.

The fact that the trial court, the Court of Appeals, and this Court

cannot agree with regard to whether or not washing and waxing a car is servicing indicates that the term is ambiguous, and that the insurer did not define the limitation in "clear and explicit terms."

> Exceptions, limitations and exclusions to insuring agreements require a narrow construction on the theory that the insurer, having affirmatively expressed coverage through broad promises, assumes a duty to define any limitations on that coverage in *clear and explicit terms.* [Cits.] [Emphasis supplied.]

*Alley v. Great American Ins. Co.*, 160 Ga. App. 597, 600 (287 SE2d 613) (1981); *U. S. Fidelity &c. Co. v. Gillis*, 164 Ga. App. 278, 281 (296 SE2d 253) (1982).

The ambiguity in the policy should have been strictly construed against the insurer.

DECIDED NOVEMBER 30, 1988 — RECONSIDERATION DENIED DECEMBER 14, 1988.

*Drew, Eckl & Farnham, W. Wray Eckl,* for appellant.
*Kent T. Stair,* for appellees.