A89A1458. SMITH v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
(387 SE2d 623)

BENHAM, Judge.

This appeal from a declaratory judgment action comes in the aftermath of the Supreme Court's decision in *Metropolitan Property &c. Ins. Co. v. Mr. Pride of Atlanta*, 258 Ga. App. 770 (374 SE2d 82) (1988). Appellant, a partner in a car wash business at the time in question, was involved in a collision while driving a vehicle to the vehicle owner's home from the car wash where it had been washed. Appellee State Farm Mutual Automobile Insurance Company (State Farm) had issued policies of insurance to appellant and to the owner of the vehicle appellant was driving. Each policy contained an "automobile business" exclusion. Appellant's policy stated "[t]here is no coverage for non-owned cars . . . being repaired, serviced or used by any person while that person is working in any car business . . . ," and the vehicle owner's policy stated that it did not cover the insured vehicle while it is "being repaired, serviced or used by any person employed or engaged in any way in a car business . . . ." Each policy defined "car business" as "a business or job where the purpose is to sell, lease, repair, service, transport, store or park land motor vehicles or trailers." Relying on the decision in *Mr. Pride*, supra, the trial court concluded that the automobile business exclusionary clauses included car washing and were not contrary to public policy, and granted appellee's motion for summary judgment.

Due to the Supreme Court's decision in *Mr. Pride*, it is not questioned that the act of washing the vehicle fell within the exclusion.

Appellant initially contends the trial court erred in granting summary judgment to appellee because the decision in *Mr. Pride*, upon which the trial court relied, is factually distinguishable. In the case at bar, the collision occurred off the car washing premises while the vehicle was being driven at the request of the owner, who was unable to return for the vehicle. In *Mr. Pride*, the car was being driven by a Mr. Pride employee on the car wash premises. However, the exclusionary clauses require us to focus upon the employment, at the time of the collision, of the person in whose charge the vehicle was at the time of the collision, not the site of the collision. Appellant, although not involved in the actual washing of vehicles at the time of the collision because he had previously suffered a heart attack, was a part owner of the car washing business. He had called the vehicle owner to inform her it was ready and had agreed, when she expressed her inability to retrieve the vehicle, to drive it to her home, a service he provided infrequently. The automobile business exclusions cover the act of an employee or agent of a car business in returning a vehicle to its owner after completion of the car business. *U. S. Fidelity &c. Co. v. Boyette*, 129 Ga. App. 843, 846 (201 SE2d 660) (1973). The decision in *Boyette*, where a service station operator agreed, as an accommodation to his customer, to return the vehicle to its owner after servicing, appears to be an implicit holding that as a matter of law the delivery of vehicles is an integral part of a car business. The fact that appellant did not himself work on the vehicle does not invalidate the automobile business exclusions of the policies in question. See *Northwestern &c. Cas. Co. v. Safeco Ins. Co.*, 121 Ga. App. 209, 211 (173 SE2d 407) (1970). Thus, the trial court did not err in granting summary judgment to appellee.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 31, 1989.

*Glover & Davis, R. Keith Prater*, for appellant.
*Beck, Owen & Murray, Samuel A. Murray, Randy J. Ebersbach, Freeman & Hawkins, Warner S. Fox*, for appellee.