A92A0965. GEORGIA MUTUAL INSURANCE COMPANY
v. KURTZ et al.
(426 SE2d 248)

BIRDSONG, Presiding Judge.

Georgia Mutual Insurance Company appeals from a trial court's judgment declaring that its automobile insurance policy provided coverage for damages arising from an accident involving a pickup owned by a used car dealer and driven by a Georgia Mutual insured, Willie F. Braswell, and a car driven by Mary Kurtz. Braswell received the pickup from the dealer for "detailing" in his business, Braswell Cleanup Shop, and the record shows Braswell Cleanup Shop washes, waxes, and shampoos interiors of vehicles.

After Kurtz sued Braswell and he claimed coverage under his Georgia Mutual policy, Georgia Mutual filed this declaratory judgment action. Georgia Mutual contends that the policy does not provide coverage because of Section V, "Use of Other Automobiles: If the named insured is an individual or husband and wife and if during the policy period such named insured . . . owns a private passenger automobile covered by this policy, such insurance as is afforded by this policy under [the insurance coverage] with respect to said automobile applies with respect to any other automobile, subject to the following provisions . . . (d) This insuring agreement does not apply . . . (2) to

any accident arising out of the operation of an automobile sales agency, repair shop, service station, storage garage, or public parking place."

Georgia Mutual moved for summary judgment contending this provision applied since the accident arose from the operation of Braswell's Cleanup Shop, which Georgia Mutual asserted was included by implication within the businesses listed. The trial court, however, held that coverage was available because a reasonable person in Braswell's position would not understand that the detailing business was included within the businesses listed in Section V (d) (2). After the trial court denied Georgia Mutual's motion for summary judgment and granted declaratory judgment in Braswell's favor, this appeal followed. *Held*:

Georgia Mutual's sole enumeration of error asserts that "the trial court erred by finding that a reasonable person would not consider a car detailing shop to be a service station excluded from coverage under Georgia Mutual's policy and by finding that the policy of insurance issued by Georgia Mutual to Braswell provided coverage for the incident at issue in the lawsuit filed by Kurtz against Braswell as this determination was contrary to law since the policy issued by Georgia Mutual clearly excluded coverage for a non-owned automobile involved in an accident arising out of the operation of a repair shop or service station."

Thus, the issue before us is whether the trial court properly construed Georgia Mutual's policy as a matter of law, to extend coverage because the accident did not arise out of the operation of a repair shop or service station. OCGA § 13-2-1. Georgia Mutual relies on *Metropolitan Property &c. v. Mr. Pride of Atlanta*, 258 Ga. 770 (374 SE2d 82), for the proposition that although the term "detailing business" is not specifically listed in the policy, the trial court erred because it did not consider the intended scope of this provision and not its exact words. Review of *Mr. Pride*, supra, shows our Supreme Court did not consider the issue in that fashion. Instead, the Supreme Court found the term "servicing" used in that case reasonably could be construed to include the following services: "cleaning, waxing, vacuuming, and filling with gasoline." Id. at 770. Thus, *Mr. Pride*, supra, does not stand for the proposition Georgia Mutual asserts. Consequently, as nothing in this record shows the Braswell Cleanup Shop ever repaired any vehicle, the question presented is whether a detailing shop that only washes, waxes, and shampoos the interior of the vehicles can reasonably be considered a service station within the meaning of the Georgia Mutual policy. In this regard, neither "repair shop" nor "service station" are anywhere defined in the policy, and coverage in Georgia Mutual's policy is not defined through use of the term "automobile business" or by certain listed activities, e.g., servicing or re-

pairing. Instead, coverage is defined by the operations of particular kinds of businesses, i.e., an automobile sales agency, repair shop, service station, storage garage, or public parking place. Consequently, this provision differs from those in *Mr. Pride,* supra, or *Smith v. State Farm Mut. &c. Co.,* 193 Ga. App. 347 (387 SE2d 623): " '(t)here is no coverage for non-owned cars . . . being repaired, serviced or used by any person while that person is working in any car business[,]' " and the policy "did not cover the insured vehicle while it is 'being repaired, serviced or used by any person employed or engaged in any way in a car business." Moreover, the State Farm policy defined the term "car business" as " 'a business or job where the purpose is to sell, lease, repair, service, transport, store or park land motor vehicles or trailers.' " Id.

In this case, because a cleanup shop or detailing business is not specified in the policy as one of the businesses denied from coverage, we must consider whether a detailing business or cleanup shop reasonably can be considered a "service station." The dissent in *Mr. Pride of Atlanta v. Metropolitan Property &c. Co.,* 187 Ga. App. 737, 738-739 (371 SE2d 211), which the majority of our Supreme Court found persuasive, noted that car washes maintained automobiles and thus serviced automobiles just as much as service stations even though car washes did not provide the full range of services provided by a service station. Neither this dissent nor the majority of the Supreme Court, however, found in *Mr. Pride* that a car wash was a service station. On the contrary, the analyses concluded that car washes were included in the policy's definition of automobile businesses because they serviced automobiles. Additionally, the dissent found the exclusion was "expressed in a comprehensive serialization of various aspects of that segment of American business which is related to motor vehicles and trailers, and each aspect is one which would embrace a number of different establishments, the term 'servicing' should not be construed to excise car-washing from its common meaning." Id. at 739. The provision in the Georgia Mutual policy, of course, is not expressed in that manner, but instead only lists several specific businesses.

Under these circumstances, we do not find that a car wash is a service station, and we note that any common definition of a service station includes a business that, in addition to whatever other services it might offer, typically sells gasoline. As Braswell Cleanup Shop only washed, waxed, and vacuumed the vehicles and did not sell gasoline, it would be unreasonable to consider the detailing business a service station. If Georgia Mutual wishes to exclude the operation of car washes or detailing shops, it should do so in its policy.

Accordingly, we do not find that the trial court erred in its interpretation of the policy. Since whether the collision otherwise arose

from the operations of an automobile sales agency was not addressed by the parties and the enumeration of error was drawn narrowly to cover only repair shops and service stations, we express no opinion on that issue.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED DECEMBER 3, 1992 —
RECONSIDERATION DENIED DECEMBER 15, 1992 

*Smith, Gilliam & Williams, Steven P. Gilliam, Catherine H. Hicks, Bradley J. Patten,* for appellant.

*McKenney, Jordan & Carey, Jane M. Jordan, Sinnreich & Francisco, John R. Francisco,* for appellees.