No. 2--97--1156

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

FULLER’S CAR WASH, INC., OSCAR  ) Appeal from the Circuit Court

SALAZAR, and AMERICAN STATES    ) of Du Page County.

INSURANCE COMPANY,              )

                                )

Plaintiffs-Appellants,     ) No. 97--MR--0190

                                )

v.                           )            

                                ) 

LIBERTY MUTUAL INSURANCE  )                  

COMPANY, LAMKIN LEATHER AND     )

RUBBER COMPANY, and MILDRED     )

KISEL,  ) Honorable 

                                ) Robert E. Byrne,

Defendants-Appellees.      ) Judge, Presiding.

_________________________________________________________________

JUSTICE McLAREN delivered the opinion of the court:

The plaintiffs, Fuller's Car Wash (Fuller's), Oscar Salazar, and American States Insurance Company (American States), appeal an order denying the plaintiffs' motion for summary judgment and granting the motion of the defendants, Liberty Mutual Insurance Company (Liberty Mutual), Lamkin Leather & Rubber Company (Lamkin Leather), and Mildred Kisel, to dismiss on the pleadings.  The trial court found that defendant Liberty Mutual did not owe a duty to defend the plaintiffs in a personal injury suit.  We affirm.

On May 20, 1993,  Robert Lamkin, the owner of Lamkin Leather, brought his vehicle (owned by Lamkin Leather) to Fuller's to be washed.  Allegedly, Salazar, a Fuller's employee, negligently drove Lamkin's vehicle and struck and injured another Fuller's customer, Mildred Kisel.  At the time of the incident Fuller's was covered by an insurance policy issued to Fuller's by American States.  Lamkin was covered by Liberty Mutual.  Kisel sued Fuller's and Salazar for her injuries in the circuit court of Cook County, alleging negligence.  As of April 2, 1998, the suit was still pending.

American States provided a defense to Fuller's and Salazar with respect to the Kisel suit pursuant to the garage keeper's liability coverage contained in the policy.  On April 24, 1996, American States tendered Fuller's and Salazar's defense to Lamkin's automobile insurance carrier, Liberty Mutual.  On June 25, 1996, Liberty Mutual declined the tender based on an exclusion to the permissive use provision of its policy.

On March 25, 1997, the plaintiffs, American States, Fuller's, and Salazar, filed a complaint seeking declaratory relief concerning the scope and nature of the obligations that Liberty Mutual owed to Fuller's and Salazar as permissive users under the policy issued to Lamkin.  On May 30, 1997, Liberty Mutual and Lamkin filed a section 2--615 motion to dismiss, alleging that the plaintiffs failed to state a cause of action.  735 ILCS 5/2--615 (West 1996).  On July 3, 1997, the plaintiffs filed a motion for summary judgment.

In Liberty Mutual's reply memorandum, in support of its motion to dismiss and in opposition to the plaintiff's motion for summary judgment, the defendant attached an affidavit of Walter Fuller, a part-owner of Fuller's Car Wash.  The affidavit was first filed in the Kisel case in the circuit court of Cook County.  In the affidavit, Walter Fuller stated that, when a customer brings his vehicle to Fuller's for a car wash, he allows Fuller's employees to vacuum the interior of the vehicle and then drive it from the vacuum area to the entrance of the car wash.  The car is visible to the customer at all times and the customer retains authority to stop the cleaning at any time.

After hearing arguments on the cross-motions, the trial court granted the defendants' motion to dismiss and denied the plaintiffs' motion for summary judgment.  On November 20, 1997, the plaintiffs filed a notice of appeal. 

On appeal, the plaintiffs argue that the trial court erred in granting the defendants' motion to dismiss and in denying the plaintiffs' motion for summary judgment.  More specifically, the plaintiffs claim that (1) the exclusion at issue does not apply to the plaintiffs; (2) the language in the exclusion at issue is ambiguous; and (3) the defendant Liberty Mutual is estopped from raising any defense to coverage because it wrongfully failed to defend the plaintiffs.

Summary judgment is proper when 
the pleadings, exhibits, affidavits, and depositions on file disclose no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  735 ILCS 5/2--1005 (West 1996); 
Berlin v. Sarah Bush Lincoln Health Center
, 179 Ill. 2d 1, 7 (1997).
  A motion for summary judgment and its supporting documents must be construed "strictly against the movant and liberally in favor of the opponent."  
Barnett v. Zion Park District
, 171 Ill. 2d 378, 385 (1996).  We review a trial court's decision to grant or deny a motion for summary judgment 
de novo
.  
Berlin
, 179 Ill. 2d at 7
.

The question presented by a section 2-615 motion to dismiss for failure to state a cause of action is "whether the plaintiff has alleged sufficient facts in the complaint, which, if proved, would entitle the plaintiff to relief."  
Boyd v. Travelers Insurance Co.
, 166 Ill. 2d 188, 194 (1995).  All well-pleaded facts in the complaint are taken as true (
Boyd
, 166 Ill. 2d at 194), but any conclusions drawn from the facts as alleged should be disregarded (
Bank of Northern Illinois v. Nugent
, 223 Ill. App. 3d 1, 9 (1991)). For the purpose of a motion to dismiss, 
exhibits attached to the complaint become part of the complaint and will be considered.  
Abbott v. Amoco Oil Co.
, 249 Ill. App. 3d 774, 778-79 (1993).
  We review a trial court's decision to grant a motion to dismiss 
de novo
.  
T&S Signs, Inc. v. Village of Wadsworth
, 261 Ill. App. 3d 1080, 1084 (1994).  Further, the reviewing court may affirm on any basis justified by the record, regardless of the trial court's reasoning.  
Becker v. Zellner
, 292 Ill. App. 3d 116, 130 (1997).

The standards by which a court determines whether an insurer is obligated to defend its insured are clear.  Ordinarily, a court looks to the allegations in the underlying complaint and compares those allegations to the relevant provisions of the insurance policy.  
American States Insurance Co. v. Koloms
, 177 Ill. 2d 473, 479 (1997).  The insurer's duty to defend arises if the facts alleged in the complaint fall within, or potentially within, the language of the policy.  
Koloms
, 177 Ill. 2d at 479.  In interpreting the language of the policy, a court is to ascertain and give effect to the intentions of the parties as expressed in their agreement.  
Koloms
, 177 Ill. 2d at 479.  Further, a court must construe the policy as a whole, taking into account the type of insurance purchased, the nature of the risks involved, and the overall purpose of the contract.  
Crum & Forster Managers Corp. v. Resolution Trust Corp.
, 156 Ill. 2d 384, 391 (1993).  A court must give clear and unambiguous terms their plain and ordinary meaning.  
Koloms
, 177 Ill. 2d at 479.  Terms that are susceptible to more than one meaning are considered ambiguous and must be construed strictly against the insurer.  
Koloms
, 177 Ill. 2d at 479.  Also, provisions that limit or exclude coverage must be interpreted liberally in favor of the insured and against the insurer.  
National Union Fire Insurance Co. v. Glenview Park District
, 158 Ill. 2d 116, 122 (1994). 
 

Defendant Liberty Mutual refused to accept the tender of the defense of the plaintiffs pursuant to the following provision of the Liberty Mutual policy issued to Lamkin:

"The following are insureds:

a. You for any covered auto.

b. Anyone else while using with your permission a covered auto you own, hire or borrow 
except
:

***

(3) Someone using a covered auto while he or she is working in a business of selling, 
servicing
, repairing or parking autos unless that business is yours."  (Emphasis added.)

This provision, commonly called the "automobile business exclusion," has been broadly interpreted by Illinois courts.  See, 
e.g.
, 
State Farm Mutual Auto Insurance Co. v. McAnally
, 49 Ill. App. 3d 475 (1977).  Although the meaning and applicability of this exclusion have been discussed in Illinois cases (see, 
e.g.
, 
McAnally
, 49 Ill. App. 3d 475; 
Grahame v. Mitchell
, 28 Ill. App. 3d 334 (1975); 
Great Central Insurance Co. v. Harris
, 46 Ill. App. 3d 542 (1977)), the applicability of the exclusion to the car wash business is one of first impression in Illinois.

The provision at issue excludes from coverage those using the Lamkin's automobile while that person is working in a business of "
servicing" autos.  "Servicing" is defined as "the act of providing service."  Webster’s Third New International Dictionary 2076 (1993).  To "service" is "to repair or provide maintenance for."  Webster’s Third New International Dictionary 2075 (1993).

Applying the plain and ordinary meaning of Liberty Mutual's automobile exclusion, we hold that the exclusion applies to the case at bar.  It is uncontroverted that Fuller's was in the business of washing and vacuuming cars.  Clearly, these services are provided for the purpose of maintenance.

This interpretation is consistent with 
Metropolitan Property & Liability Insurance Co. v. Mr. Pride of Atlanta, Inc.
, 258 Ga. 770, 374 S.E.2d 82 (1988)), the only case our research has uncovered that discusses whether a car wash business is in the business of "servicing" of automobiles.  In 
Mr. Pride
, an employee of a car wash negligently drove a customer's car into the drying bay of a car wash and struck and killed two patrons.  The owner of the car was insured by Metropolitan, which denied coverage based on an automobile business exclusion similar to the one at bar.  The exclusion at issue in 
Mr. Pride
 provided:

" 'We do not cover ***

(e) bodily injury or property damage arising out of automobile business operations.' "  
Mr. Pride
, 258 Ga. at ___, 374 S.E. 2d at 82. 

The policy defined "automobile business operations" as:

" '[T]he business or occupation of selling, leasing, repairing, 
servicing
, storing or parking motor vehicles or trailers.' " (Emphasis added)  
Mr. Pride
, 258 Ga. at ___, 374 S.E.2d at 82.

The Supreme Court of Georgia held that the car wash was in the business of "servicing" automobiles and, therefore, the employee was excluded from coverage.   
Mr. Pride
, 258 Ga. at ___, 374 S.E.2d at 82.

Regardless of the clear meaning of the court's holding, the plaintiffs contend that 
Mr. Pride
 supports their position and stands for the proposition that the automobile business exclusion does not apply to a car wash unless the car wash also dispenses gasoline.  The plaintiffs rely on the following portion of the 
Mr. Pride
 decision to support its claim:

"We reverse for the reasons given in the dissenting opinion of the Court of Appeals, 
i.e.
, that the term 'servicing' in the exclusion provision reasonably can be construed to include the services which were being performed on the insured automobile, namely: cleaning, waxing, vacuuming, and 
filling with gasoline
."  (Emphasis added.)  
Mr. Pride
, 258 Ga. at ___, 374 S.E.2d at 82-83.

In light of the Supreme Court of Georgia's statement and its reliance on the dissenting opinion of the appellate court, we find the plaintiffs' interpretation of 
Mr. Pride
 without merit.

Nothing in 
Mr. Pride
 suggests that, in making its decision, the court relied on the fact that the car wash also dispensed gasoline.  Further, the dissent to which the Supreme Court of Georgia approvingly referred explained:

"The business of a car wash service is to provide maintenance for automobiles.  Automobile maintenance includes keeping the vehicle clean.  *** [T]he term 'servicing' should not be construed to excise car-washing from its common meaning.  Just because the business specialized in cleaning rather than offer the full range of service, including washing which is provided by a service station, does not render it any less in the business of 'servicing.' "  
Mr. Pride of Atlanta, Inc. v. 
 
Metropolitan Property & Liability Insurance Co.
, 187 Ga. App. 737, ___, 371 S.E.2d 211, 213 (1988) (Beasley, J., dissenting, joined by Birdsong, C.J., and Carly and Sognier, JJ.), 
rev'd
, 258 Ga. 770, 374 S.E.2d 82 (1988).

Thus, we do not agree with the plaintiffs that the Liberty Mutual's automobile business exclusion does not apply in the case at bar simply because Fuller's did not also dispense gasoline.

Further, the plaintiffs' reliance on another case from Georgia (
Georgia Mutual Insurance Co. v. Kurtz
, 206 Ga. App. 716, 426 S.E.2d 248 (1992)) is misplaced.  In 
Kurtz
, the court held that an automobile exclusion provision did not apply to a car wash business because the car wash did not also dispense gasoline.  However, 
Kurtz
 is distinguishable from the case at bar in that the policy exclusion in 
Kurtz
 denied coverage for accidents "arising out of the operation of a *** 
service station
." (Emphasis added.)  
Kurtz
, 206 Ga. App. at ___, 426 S.E.2d at 249.  The provision at issue in this case does not contain the phrase "service station."  Rather, it excludes coverage for those working in "a business *** 
servicing
 *** autos." (Emphasis added.)  Because the common meanings of these terms differ, the holding in 
Kurtz
 does not apply to the case at bar.

In addition, in 
Smith v. State Farm Mutual Automobile Insurance Co.
, 193 Ga. App. 347, 387 S.E.2d 623 (1989), the Court of Appeals of Georgia held that the automobile business exclusion applied to a car wash; the court made this holding without first discussing whether the car wash business at issue dispensed gasoline.  Thus, the plaintiffs' argument fails.

Further, the plaintiffs' argument that Liberty Mutual's automobile business exclusion is ambiguous in the car wash context is without merit.  A term is not ambiguous unless it is subject to more than one reasonable interpretation.  
Loftis v. Vesta Cos
, 292 Ill. App. 3d 772, 774 (1997).  Given the common meaning of the term "servicing" and its application to the car wash business in 
Mr. Pride
, we do not believe that the term is ambiguous in the context of the facts presented in this case. 

In addition, we do not agree with the plaintiffs' next contention that the automobile business exclusion does not apply in this case because no bailment was created.  A bailment is created where the parties enter into an express or implied agreement.  
Wall v. Airport Parking Co. of Chicago
, 41 Ill. 2d 506, 509 (1969).  To determine whether an implied bailment exists, a court may consider the "circumstances surrounding the transaction, such as the benefits to be received by the parties, their intentions, the kind of property involved, and the opportunities of each to exercise control over the property."  
Wall
, 41 Ill. 2d at 509.

While our research has not found an Illinois case discussing whether a bailment is created in the context at bar, our supreme court has discussed bailments in the context of parking lots.  In 
Wall v. Airport Parking Co. of Chicago
, 41 Ill. 2d 506 (1969), our supreme court stated that a bailment is typically created in the parking lot context where the owner delivers his automobile to the parking lot attendant and leaves the keys in the automobile so that the attendant can move it.  
Wall
, 41 Ill. 2d at 508.  However, a bailment is typically not created where the owner does not deliver his automobile to an attendant but parks it himself and retains the keys.  
Wall
, 41 Ill. 2d at 508.

We note that this explanation is consistent with the purpose of the automobile business exclusion, which states:  

"[W]hile a vehicle is entrusted to an automobile business, the vehicle owner exercises no control over either the selection of the driver, or the places where the car is driven, or the manner in which the car is driven.  Such increased risks are considered to be too substantial for an insurer to cover under a policy for a personal automobile, whereas, it is considered reasonable to have an automobile business bear the costs of insuring for such risks under a garage liability policy."  Eliot J. Katz, Annotation, 
Who Is 'Employed or Engaged in the Automobile Business' Within the Exclusionary Clause of Liability Policy
 §2(a), 55 ALR 4th 261, 268 (1987).

Applying the same reasoning to the case at bar, it is undisputed that Lamkin delivered his automobile to a Fuller's employee and relinquished the keys so that the automobile could be moved by a Fuller's employee.  Further, once Lamkin relinquished his automobile and the keys, Lamkin had no control over who drove his car or how it was driven.  At that point, contrary to the plaintiffs' assertion, Salazar and not Lamkin exercised control of the automobile.  The fact that Lamkin did not lose sight of his automobile and could stop the vacuuming process at any time does not eliminate the fact that Salazar, and not Lamkin, had actual physical control of the automobile.  Thus, we determine that, regardless of its short duration, a bailment was created.  

Lastly, the plaintiffs assert that Liberty Mutual is estopped from raising defenses to coverage because it had a duty to defend and failed to defend under a reservation of rights and failed to seek a declaratory judgment as to its rights and obligations.  We disagree with the plaintiffs.

Generally, 
if the allegations of an underlying complaint present a case of potential coverage, an insurer who fails to defend the action under a reservation of rights and fails to seek a declaratory judgment concerning its obligation to defend will be estopped from relying upon any policy defenses to coverage. 
 
Sportmart, Inc. v. Daisy Manufacturing Co.
, 268 Ill. App. 3d 974, 979 (1994). However, where the allegations of the complaint clearly show on their face that the claim is beyond the coverage of the policy, the insurer is not estopped from raising defenses to coverage.  
Illinois National Insurance Co. v. Universal Underwriters Insurance Co.
, 261 Ill. App. 3d 84, 88 (1994).

Because the language of Liberty Mutual's policy clearly excludes coverage for the business at issue in the case at bar, the facts alleged in the underlying complaint do not present a case of potential coverage.  Thus, the plaintiffs' estoppel argument fails.  See 
JG Industries, Inc. v. National Union Fire Insurance Co.
, 218 Ill. App. 3d 1061, 1066-67 (1991).

Further, the cases cited by the plaintiffs to support their position are distinguishable because, unlike the case at bar, the insureds in those cases had a duty to defend.  See 
Insurance Co. of the State of Pennsylvania v. Protective Insurance Co.
, 227 Ill. App. 3d 360, 366-67 (1992); 
Central Mutual Insurance Co. v. Kammerling
, 212 Ill. App. 3d 744, 750 (1991).  Thus, the trial court properly granted the defendant's motion to dismiss and properly denied the plaintiffs' motion for summary judgment.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

INGLIS and DOYLE, JJ., concur.